## McCREDIE et al. v. DUBUQUE FIRE & MARINE INSURANCE CO.

No. 6927.   Opinion Filed December 7, 1915.

(153 Pac. 846.)

**APPEAL AND ERROR—Decisions Appealable—Order Confirming Foreclosure Sale—"Final Order."**  An order confirming a foreclosure sale over objection of the judgment debtors is a final order affecting a substantial right, made "upon a summary application in an action after judgment" (section 5237, Rev. Laws 1910), and hence is appealable.

(Syllabus by the Court.)

*Error from District Court, Oklahoma County;*
*G. W. Clark, Judge.*

Action by the Dubuque Fire & Marine Insurance Company against Anne E. McCredie and another. Judgment for plaintiff, and defendants bring error, and plaintiff moves to dismiss. Motion to dismiss overruled.

*W. P. Harper,* for plaintiffs in error.

*George A. Matlack,* for defendant in error.

SHARP, J.   On January 12, 1914, judgment was rendered by the district court of Oklahoma county, in favor of the defendant in error and against the plaintiffs in error, in the sum of $5,915.55, together with a decree of foreclosure on certain lots in Oklahoma City. By the terms of the decree, if defendants failed for a period of six months from the date thereof to pay the amount of said judgment with interest, then an order of sale should issue from the office of the clerk of said court, directed to the sheriff commanding him to levy upon, advertise, and sell the mortgaged premises, and apply the

proceeds arising therefrom: (1) To the payment of costs of sale; (2) to the satisfaction of the judgment; (3) the balance to be paid into court to abide the court's further order. The judgment not having been paid within the time fixed, an order of sale thereafter issued, and said lots were sold at sheriff's sale to the judgment creditor. Thereafter motion to confirm the sale was filed, and on the 25th day of August the defendants appeared and filed their objections to the confirmation of sale. The objections, coming on to be heard,. were overruled by the court, and the sale was ordered confirmed. From this order the appeal is prosecuted.

Motion to dismiss has been lodged upon two grounds: (1) That the order of confirmation is not a final order; (2) that the appeal is frivolous. Section 5236, Rev. Laws 1910, provides that the Supreme Court may reverse, vacate, or modify a final order of the county, superior, or district court, or a judge ·thereof. While section 5237 provides that:

"* * * An order affecting a substantial right * * * upon a summary application in an action after judgment, is a final order, which may be vacated, modified or reversed, as provided in' this article."

The order appealed from obviously is of the character named, for it arises on a summary application after judgment, and as certainly affects a substantial right in an action. Like statutes have been so construed. In *Kohler v. Ball*, 2 Kan. 160, 83 Am. Dec. 451, certain real estate was sold under an execution against the defendant, and an order made on motion of the plaintiff, confirming the sale, and it was held that the order to confirm was one ·made upon a summary application after judgment, affected a substantial right, and was a final order within

the meaning of section 524 of the Code, and reviewable under section 526, providing that the Supreme Court should have authority to reverse or modify a final order of the district court. In *New England Mortgage Security Co. v. Smith,* 25 Kan. 622, and *Capital Bank v. Huntoon,* 35 Kan. 577, 11 Pac. 369, appeals were taken from orders confirming, or refusing to confirm, execution sales, although the appealability of the order does not appear to have been directly questioned or determined.

It appears that the Wisconsin statute, under consideration in *Griswold v. Barden,* 146 Wis. 35, 130 N. W. 952, is the same as our statute. There it was held that an order confirming, or refusing to confirm, a foreclosure sale was a final order, affecting a substantial right, made "upon a summary application in an action after judgment" (subdivision 2, sec. 3069, Stats. 1898), and hence appealable. The same conclusion was reached in *Dakota Inv. Co. v. Sullivan,* 9 N. D. 303, 83 N. W. 233, 81 Am. St. Rep. 584, where it was said that an order of confirmation, being a final order made upon summary application in an action after judgment, affecting a substantial right, was appealable, under the express provisions of section 5626, Rev. Code, citing *Hammond v. Cailleaud,* 111 Cal. 206, 43 Pac. 607, 52 Am. St. Rep. 167; *Yerby v. Hill,* 16 Tex. 377; *Hirschfield v. Davis,* 43 Tex. 155.

From an examination of the record before us, the petition in error, and the motion to dismiss, we are unable to say that the appeal is frivolous and without merit, and therefore refuse to so conclude.

The motion to dismiss the appeal is overruled.

All the Justices concur.