## SHEEGOG v. INCORPORATED TOWN OF LINDSAY et al.

No. 17536. Opinion Filed Sept. 20, 1927.

(Syllabus.)

Appeal and Error—Record—Necessity for Final Judgment—Dismissal of Appeal with Directions for New Trial Where Lower Court Refused to Render Judgment.

The record which fails to contain a copy of the final order or judgment sought to be reviewed presents no question to this court for its determination, and on motion of the defendant in error, the appeal will be dismissed, but where the record affirmatively shows that, after a partial trial, the lower court refused to proceed further and refused to render any judgment from which an appeal might be perfected, this court, under its superintending control over inferior courts, will, in dismissing the appeal, direct the trial court to grant a new trial and proceed to a final determination of the issues presented.

Error from District Court, Garvin County; A. C. Barrett, Judge.

Action by R. T. Sheegog against the Incorporated Town of Lindsay and others, wherein the plaintiff appeals from certain proceedings had in the district court. Appeal dismissed, with directions.

Bowling & Farmer, for plaintiff in error.

Cicero I. Murray, for defendants in error.

MASON, V. C. J. The defendants in error have filed a motion to dismiss the appeal herein for the reason that no final order or judgment is set out in the case-made.

The plaintiff in error commenced this action against the defendants in error in the district court of Garvin county to recover for services performed by the plaintiff under a written contract.

Defendants filed demurrer to the plaintiff's petition, which was overruled, after which answer was filed. When the cause came on for trial on the issues thus joined, the defendants objected to the introduction of any evidence for the reason that the petition failed to state facts sufficient to constitute a cause of action against the defendants, which was overruled. After one witness for the plaintiff had testified and before the plaintiff had an opportunity to offer further evidence and before the plaintiff had rested his case, the court announced that he sustained the motion of the defendants to the introduction of further testimony, although no such motion had been filed or presented.

The record discloses that counsel for plaintiff, after stating "we cannot quit in the middle of the case," insisted on the court rendering some kind of a judgment in the case so that an appeal might be had, and suggested that the court might sustain either defendants' demurrer to the plaintiff's petition or their objection to the introduction of evidence. The court refused so to do, with the statement that, "We have done quit."

The rule has been announced repeatedly by this court that a record which fails to contain a copy of the final order or judgment sought to be reviewed, and in which it is not made to appear that the same is of record in the trial court, presents no question to this court for its determination, and the appeal will be dismissed. Meadors v. Johnson, 27 Okla. 543, 117 Pac. 198; Negin et al. v. Picher Lumber Co., 77 Okla. 285, 186 Pac. 205.

In the instant case, however, the plaintiff did everything within his power to have the court render a judgment, and he should not be made to suffer by reason of the conduct of the trial judge, which, as far as we know, is without a precedent.

It is of interest to the state that litigation come to an end, and the district judge overlooked his duty as such in refusing to render judgment and dispose of this cause.

No man may judicially lose his property without his day in court and without due process of law, as provided by the Constitution and statutes of this state. It may be that the plaintiff was not entitled to recover either as a matter of fact or as a matter of law, but he was entitled to have a judgment rendered from which he might perfect an appeal if he so desired.

Although, under the strict interpretation of the rule above announced, we must dismiss the appeal herein, yet law, having to do with practical everyday affairs of mankind, should subserve the ends and purposes of good sense and broad judgment.

Under section 2, art. 7 of the Constitution of Oklahoma, this court has general superintending control over all inferior courts of the state. No judgment having been rendered in the trial court, the case is still pending there for disposition.

It is, therefore, the judgment of this court that the appeal herein be dismissed and that the judge of the district court of Garvin county be directed to vacate the order overruling plaintiff's motion for a new trial and proceed with a new trial of this cause to a final determination.

BRANSON, C. J., and PHELPS, LESTER, HUNT, CLARK, RILEY, and HEFNER, JJ., concur.

Note.—See 4 C. J. p. 566, §2380 (Anno); p. 571, §2380; p. 605, §2432 (Anno); 2 R. C. L. 131.