## WYANT et al. v. DAVIDSON & CASE LBR. CO.

No. 23778.    Sept. 17, 1935.

A. M. Baldwin, for plaintiffs in error.

G. C. Abernathy, Edward Howell, and Kenneth Abernathy, for defendant in error.

PER CURIAM. The plaintiff below, Davidson & Case Lumber Company, a corporation, furnished certain material on or about the 29th day of August, 1927, for the erection and repair of certain buildings on six lots in the city of Shawnee, Okla., described as lots 13, 14, 15, 16, 17, and 18, block 26, Hoffman's addition. These materials were furnished at the instance of the defendant R. M. Davis, under an oral contract, and this action was to foreclose a materialman's lien as provided by statute. (St. 1931, sec. 10975). One Joe B. Cobb was made a party defendant to said suit, and the allegation made in plaintiff's petition that the latter defendant claimed some right, title, or

interest in and to the said property which was junior and inferior to the materialman's lien claimed by the plaintiff herein, and requiring the said Joe B. Cobb to plead what interest he might have .n and to the said property. During the pendency of the action the defendant Joe B. Cobb mortgaged the said property to the defendant R. Wyant and conveyed the fee title to said property to the defendant J. A. Fox. Default judgment was rendered on the 24th day of October, 1928, against the defendant R. M. Davis in the amount of $342.20, with interest at 10 per cent. per annum from the 24th day of December, 1927, and $100 attorneys' fees. On the 29th day of October, 1928, plaintiff caused an execution to issue from the office of the court clerk of Pottawatomie county directed to the sheriff of Okmulgee county, commanding the said sheriff to levy upon the goods and chattels of the defendant R. M. Davis. This execution was returned on the 30th day of October, 1928, by order of the attorney for the plaintiff. On April 1, 1931, and while the issue joined as to the defendant Joe B. Cobb was still pending, the defendant R. Wyant filed an answer, alleging that he was the owner of a note for $1,500, signed by Joe B. Cobb and wife, secured by a mortgage on the property in question, the issue as between the plaintiff, David-had any interest in the said property, and praying that his mortgage be decreed to be a first lien upon the property. On the 18th day of November, 1931, the court tried the issue as between the plaintiff, David son & Case Lumber Company, and the defendants Joe B. Cobb and R. Wyant, and in a journal entry later filed found that Joe B. Cobb had disposed of all his right, title, and interest in the said property to the defendant J. A. Fox, that the plaintiff did not seek a personal judgment against the defendant Joe B. Cobb, and a demurrer to the evidence was therefore sustained on behalf of the defendant Joe B. Cobb. The further judgment of the court was that the plaintiff's lien was prior and superior to the right, title, and interest or any claim of the defendants Joe B. Cobb, R. Wyant, and J. A. Fox, although it does not appear that J. A. Fox was a party to the controversy at this time. The court further ordered foreclosure of the said materialman's lien, to which ruling of the court the defendant R. Wyant excepted. Execution was issued on December 21, 1931, and the property appraised, advertised, and sold according to law to satisfy the claim of the plaintiff. Defendants Wyant and Fox filed separate objections to the confirmation of the sheriff's sale, and upon hearing said objections the trial court sustained a demurrer to the evidence offered on behalf of the defendants R. Wyant and J. A. Fox. Motions for new trial were duly filed on behalf of both objectors, overruled by the court, and after the filing of a supersedeas bond in the amount of $250, the case was appealed to this court.

The appellants, Wyant and Fox, make several assignments of error, which may be summed up in the following contentions:

First, that the rights of these appellants are deraigned from Joe B. Cobb, both as to the mortgage of R. Wyant and the fee title of J. A. Fox, and that the trial court having sustained a demurrer to the evidence as to Joe B. Cobb in the principal action, these appellants are entitled to succeed to Cobb's rights, and that therefore the court committed error in sustaining a demurrer to their evidence offered to sustain their objections to the confirmation of sale.

Second, that J. A. Fox, although a purchaser from Joe B. Cobb pendente lite, was not a party to the original case, and that the evidence offered in said case showed that the property belonged at all times to Cobb instead of R. M. Davis, and that therefore the judgment impressing a lien upon the property in favor of the plaintiff was void; that, being a void judgment, the court should have sustained the objections of Wyant and Fox to the confirmation of sale.

Third, that the plaintiff having caused an execution to issue directed to the sheriff of Okmulgee county on the judgment against R. M. Davis, which execution was returned by order of plaintiff's attorney, this constituted an estoppel against the plaintiff to later procure an execution on the subsequent judgment, as Davis was the only party who owed for the material furnished by the plaintiff.

The only serious contention made on behalf of Wyant and Fox is that the judgment of the court dated the 18th day of November, 1931, was void and not binding upon these defendants for the reason that a demurrer to the evidence was sustained on behalf of Joe B. Cobb. The case-made does not show the service obtained upon the defendant R. M. Davis, although the court's judgment dated October 24, 1928, recites that personal service was had on said defendant in Okmulgee county, Okla. The record also shows that the defendant R. Wyant filed his answer in this case on April 1, 1931, and that a trial was had on the issue joined be-

tween the plaintiff herein and the defendants Joe B. Cobb and R. Wyant on November 18, 1931. The journal entry filed as a result of said judgment recited that, inasmuch as plaintiff did not claim a personal judgment against the said Joe B. Cobb, and since the said Joe B. Cobb had disposed of all his right, title, and interest in and to the property, the demurrer to the evidence offered on behalf of Joe B. Cobb should be sustained. The further judgment of the court was that the materialman's lien of the plaintiff herein was superior to any right, title, or interest then claimed by said Joe B. Cobb, and any persons claiming by, through, or under him since August 29, 1927. Any claims which the defendants R. Wyant and J. A. Fox might have acquired under either Wyant's mortgage or the deed to J. A. Fox, which was executed pendente lite, were therefore made inferior to the lien of the plaintiff herein by said judgment. The remedy of the defendants R. Wyant and Joe B. Cobb, if they were not satisfied with the judgment of the court dated November 18, 1931, was by exercising their right of appeal. The defendant J. A. Fox, being a purchaser pendente lite, was chargeable with knowledge of the litigation, and, as held by this court in Daniels v. Hill (Jones, Intervener), 106 Okla. 272, 235 P. 1090, he could acquire no higher right than that of his grantor, and is estopped to intervene after final judgment to secure a modification.

This court has repeatedly held that on hearing a motion to confirm a sale of real estate made under execution, the court should confine itself to the regularity of the proceedings on the sale, and is not required to go behind the execution and look into the regularity of the judgment. See Millard et al. v. Nelson, 139 Okla. 56, 281 P. 238. The defendants herein make no contention that the proceedings of the sale held by the sheriff of Pottawatomie county, Okla., are in any wise irregular or illegal. Their only contention is that said sale should not be confirmed for the reason that the judgment was void. In Burton et al. v. Mee, 152 Okla. 220, 4 P. (2d) 33, this court held:

"Under the case of Millard et al. v. Nelson, supra, the scope of inquiry on a motion to confirm sale of real estate made under execution is confined to the regularity of the proceedings on the sale, and not as to the regularity of the judgment.

"The judgment is a valid judgment, and cannot be attacked in a proceeding to set aside the sale or under objection to confirmation of sale; but if plaintiffs in error desired to attack the judgment they should have proceeded under sections 810, 812 and 814, C. O. S. 1921, which provide a method by which judgments may be vacated."

There is no merit to the defendants' contention that issuance of an execution directed to the sheriff of Okmulgee county, Okla., on the personal judgment against the defendant R. M. Davis, which execution was recalled by order of the plaintiff's attorneys, created an estoppel which prevented plaintiff from later asserting and pursuing his materialman's lien against the property in question. The defendants cite no authority in support of this proposition. The necessary elements of estoppel are not present, and this court has repeatedly held that the remedy provided by statute in this state for foreclosure of mechanic's or materialman's lien is a cumulative remedy, and is in addition to the remedy enjoyed against the person who incurred the debt upon his personal liability. See Alberti v. Moore, 20 Okla. 78, 93 P. 54, and Bowles v. Neely, 28 Okla. 556, 115 P. 344.

The other argument offered by Fox and Wyant was that Fox was a purchaser pendente lite, and that the evidence in the case showed that the property belonged to Cobb instead of R. M. Davis, and that the judgment was therefore void, and that the trial court therefore committed error in sustaining the plaintiff's demurrer to the evidence offered on behalf of the objectors to the confirmation of the sheriff's sale. The record in this case does not disclose what interest, if any, R. M. Davis had in and to the property in question, nor does the record disclose what relationship, if any, existed between R. M. Davis and the defendant Joe B. Cobb. No contention is made by either of the defendants Wyant and Fox that the materials were not furnished on the property in question, or that there was no contract existing between Cobb, the owner of the property at the time, and R. M. Davis. The record being silent on this point this court must presume that there was sufficient evidence before the trial court to justify it in impressing the property with the plaintiff's lien. As stated by this court in Choate et al. v. Spencer, 130 Okla. 199, 266 P. 467:

"Assignments of error, requiring examination or consideration of evidence, will not be reviewed, unless all evidence relating thereto is in case-made."

See, also, Hoffmeyer v. Partridge, County Attorney, et al., 119 Okla. 216, 249 P. 401; 4 C. J. 732; American National Insurance Co. v. Robinson, 85 Okla. 64, 204 P. 269.

The defendants Wyant and Fox cannot

properly attack the validity of said judgment in this proceeding. See Burton et a. v. Mee, supra.

No reversible error appearing in the record. the action of the trial court in overruling the objections of plaintiffs in error to the confirmation of the sheriff's sale is sustained.

The Supreme Court acknowledges the aid of Attorneys E. S. Champlin, David Bucher, and Frank Carter in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Champlin and approved by Mr. Bucher and Mr. Carter, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J. and RILEY, BUSBY, PHELPS, and GIBSON, JJ., concur.