## SCHUMAN et al. v. STERNBERG et al.

No. 26343.　Feb. 2, 1937.

Robert Burns, for petitioner.

Thos. C. Wyatt, County Atty., and Foy Edwards, Asst. County Atty., for respondents.

GIBSON, J. W. H. Franks, one of the defendants in error in this case, by his sep-arate petition filed herein seeks a writ of prohibition directed to the court clerk and sheriff of Pottawatomie county commanding them to desist from issuing and levying execution upon his property to satisfy costs accruing in the lower court by reason of certain proceedings had therein subsequent to judgment in the cause and appeal therefrom.

The defendants in error, Selma Sternberg and W. H. Franks, obtained judgment in the trial court foreclosing, respectively, their first and second mortgages theretofore executed by plaintiffs in error. W. H. Franks purchased the mortgaged premises at sheriff's sale had pursuant to said judgment. The trial court entered its order confirming said sale and authorized the issuance of a writ of assistance under section 424, O. S. 1931, to place the purchaser in possession. The plaintiffs in error herein appealed to this court from the order of confirmation. Upon Franks' praecipe a writ of assistance issued and the sheriff executed the same and incurred considerable costs, which were by the clerk taxed in the case and remained unpaid. The clerk has now issued an execution against Franks, and the sheriff is about to levy same upon his property to satisfy said costs. Petitioner asserts that the costs in question represent sheriff fees which are illegal and unauthorized by the statutes.

Franks filed his motion in the trial court to retax the costs complained of, and the motion was denied. He now says that the office of said motion was merely to afford the trial court and its officers, the respondents, an opportunity to avoid or discontinue their alleged unwarranted action before seeking the writ from this court. It is now urged that an appeal from the trial court's order on the motion would have been futile for the reason that said court was without jurisdiction of the matter in that the cause was at that time pending in this court on appeal.

The petitioner contends that, in view of the foregoing circumstances, this court, under its supervising powers over lower courts as granted by section 2, art. 7, of the Constitution, may prohibit the threatened illegal action of the officers of such courts.

We are unable to agree with this contention. As a general rule, this court's general supervising control is confined by the aforesaid section of the Constitution to "all inferior courts and all commissions and boards created by law." The offices of court clerk and sheriff do not fall within this classification. Under the foregoing constitu-

tional provision, this court is authorized to issue the writ of prohibition, but the functions of such writ are not enlarged by the Constitution or the statutes beyond the functions thereof as recognized at common law. Its office there was to restrain subordinate courts and inferior judicial tribunals from exercising their jurisdiction. 50 C. J. 654, sec. 3. In the absence of an enlargement of the office of the writ by Constitution or statute, its uses should be, and are, restricted to those recognized at common law. Id.

Such is the recognized function of the writ in this state, as clearly expressed in Sterling Refining Co. v. Walker, 165 Okla. 45, 25 P. (2d) 312, wherein it is held that the office of the writ "is to prevent an inferior judicial or quasi judicial tribunal from exercising jurisdiction which it does not have or from exceeding the jurisdiction conferred upon it by law." Here the writ is sought to be directed, not to a judicial or quasi judicial tribunal, but to officers exercising purely ministerial acts. Prohibition is not employed to that purpose in this state.

There is yet another reason why the writ should be denied in this case. The petitioner possessed an adequate remedy by appeal from the order of the trial court overruling his motion to retax costs. This motion is authorized by section 524, O. S. 1931, and was the proper remedy to pursue. As heretofore stated, petitioner takes the position that the trial court was without jurisdiction to hear and determine the motion. The position is unsound, because the issues raised by the motion had no part in the appeal pending in this court. As was held in Herbert v. Wagg, 27 Okla. 674, 117 P. 209:

"Matters independent of and distinct from those involved in an appeal are not thereby taken from the jurisdiction of the trial court, but remain under its control, notwithstanding the loss of jurisdiction over the particular question appealed."

The order on the motion was one "affecting a substantial right, made in a special proceeding, or upon a summary application in an action after judgment," and is a final order and may be vacated, modified, or reversed on appeal. Section 529, O. S. 1931. While this court has not heretofore so held with reference to an order on motion to retax costs, the Supreme Court of Kansas, in Board of Commissioners v. McIntosh, 1 P. 572, 574, when considering an identical question under the Kansas statute from which we have adopted our section 529, had this to say:

"The decision of the motion was an order affecting a substantial right, made upon a summary application in an action after judgment, and therefore a final order and subject to review in this court."

In the syllabus of that case the court expressed the following rule:

"Where, after a judgment, a motion is made to retax costs, due notice is given, the parties appear, the question is distinctly presented and decided, and time given to make a case for review, held, that the plaintiff in such motion cannot treat the decision thereon as a nullity, and without leave to renew the motion, or showing of additional facts, relitigate the exact question then presented, and decided in a subsequent action."

See, also, Engel v. Ehret, 21 Cal. App. 112, 130 P. 1197.

The Kansas case is ample judicial interpretation of the statute relating to appealable orders (section 529, supra), as applied to the order on motion to retax costs. The right to appeal from such order being certain, the writ should, for that reason, be denied, and it is so ordered.

BAYLESS, V. C. J., and RILEY, BUSBY, WELCH, PHELPS, CORN, and HURST, JJ., concur. OSBORN, C. J., concurs in conclusion.