## FUNK et al. v. PAYNE.

No. 28085.   April 19, 1938.

Rehearing Denied July 26, 1938.

Application for Leave to File Second Petition for Rehearing Denied Sept. 20, 1938.

Sid White, for plaintiffs in error.

Tomerlin, Chandler, Shelton & Fowler and John W. Swinford, for defendant in error.

PER CURIAM.   This is an appeal from an order confirming sheriff's sale after foreclosure of a real estate mortgage. The statement of the proceedings is incomplete and the record of the proceedings is not abstracted as required by rule 15 of this court. By reference to the record itself it is found that the sale was confirmed over the objection of the plaintiffs in error, who were defendants below, on February 26, 1937.

The plaintiffs in error present two assignments of error. The first is that the court erred in not granting the defendants a jury trial. This court has many times held that the only question presented on the objection to the confirmation of the sale is the regularity of the proceedings subsequent to judgment, and that the questions of irregularity of the trial up to and including the judgment are all merged in the judgment; that in order to appeal from the errors involved therein it is necessary to perfect the appeal from the original judg-

ment.   Wyant v. Davison & Case Lumber Co., 173 Okla. 467, 49 P.2d 151; Kline v. Evans, 103 Okla. 44, 229 P. 427; Burton v. Mee, 152 Okla. 220, 4 P.2d 33.   In Burton v. Mee, supra, the court said:

"On motion to confirm sale of real estate made under execution, the court should confine itself to the regularity of the proceedings on the sale, and is not required to go behind the execution and look into the regularity of the judgment."

The second assignment of error is that the court improperly refused to pass upon the reasonable rental value of the property for the time the defendant in error was wrongfully in possession of same. This question likewise cannot be presented on review of the order confirming the sale. Wyant v. Davison & Case Lbr. Co., supra. The plaintiffs in error allege that the judgment was outside the issue and therefore void. The validity of the judgment cannot be attacked in a proceeding on objection to confirmation of the sale.

The order confirming the sale is affirmed.

RILEY, PHELPS, CORN, GIBSON, and HURST, JJ., concur.