FERNOW v. GUBSER, Trustee.

No. 31983. Oct. 16, 1945.

162 P. 2d 535.

W. P. Nelson, A. J. Kriete, and Arch K. Kriete, all of Tulsa, for plaintiff in error.

Paul Pinson and G. C. Spillers, both of Tulsa, for defendant in error.

RILEY, J. This is an appeal from an order confirming a sheriff's sale under an execution issued out of the district court of Tulsa county in the case of E. H. Gubser, Trustee for Liberty Royalties Corporation, v. Fernow; No. 52696 in said district court. That is the same judgment involved in the appeal in No. 31955 in this court, this day decided. The question of the validity of said judgment is raised in this appeal. The two cases were consolidated for the purpose of briefing.

What we have said in case No. 31955, 196 Okla. 58, 162 P. 2d 529, is applicable in this case so far as the question of the validity of said judgment is concerned.

The motion for new trial in case No. 52696 was overruled October 16, 1941. On May 8, 1944, Honorable F. E. Kennamer, U. S. District Judge for the Northern District of Oklahoma, entered an order directing E. H. Gubser, trustee, to deliver to the sheriff of Tulsa county any and all shares of stock, common or preferred, in Liberty Royalties Corporation, belonging to John Fernow, and authorizing said sheriff to sell said stock and apply the proceeds toward liquidation of the judgment in case No. 52696. The sheriff, upon receipt of said stock, advertised for sale and sold it May 22, 1944, and filed his return May 29, 1944. At said sale, E. H. Gubser, trustee, became the purchaser. May 31, 1944, the trustee filed a motion to confirm the sale. July 1, 1944, the judgment debtor, Fernow, filed objections to the confirmation. Hearing was had, testimony and documentary evidence were introduced, after which the court entered an order confirming the sale, and from said order Fernow appeals.

The first objection is that the execution, levy, notice of sale, and return of sale were not issued, levied, given, or returned according to law; that the stock was in the custody of the United States Court through a trustee in bankruptcy of the Liberty Royalties Corporation, having been delivered to said trustee pursuant to notice to stockholders to surrender their stock certificates for verification, and was thereafter fraudulently withheld from defendant by said trustee; and the further objection that on May 8, 1944, the United States District Court made an order authorizing said trustee to deliver said stock to the sheriff of Tulsa county after due levy had been made therefor, but at the time said order was made, the question of the manner of the sale of said stock and what court had jurisdiction thereof was pending on appeal in the United States Circuit Court of Appeals for the Tenth Circuit in case No. 2903 in said court, and for that reason, the order of May 8, 1944, was made without jurisdiction. It is further asserted that the stock was brought within the jurisdiction of the district court of Tulsa county through fraud or other unjustified acts of the execution creditor; and further objection that prospective bid for the stock was so grossly inadequate as to shock the conscience of the court. On the question of inadequacy of the sale price, there is no evidence as to the value of the stock, and that question is not before us.

On motion to confirm the sale made under execution, the court should confine itself to the proceedings of sale and is not to go behind the execution and look into the regularity of the judgment. Wyant v. Davidson-Case Lbr. Co., 173 Okla. 467, 49 P. 2d 151; Burton v. Mee, 152 Okla. 220, 4 P. 2d 33; Millard v. Nelson, 139 Okla. 56, 281 P. 238.

Only questions relating or pertaining to the sheriff's sale may be considered on hearing on confirmation of sale. Kline v. Evans, 103 Okla. 44, 229 P. 427; Severson v. Bemore, 137 Okla. 50, 278 P. 327. Under said authorities, the

question of how the stock got into the hands of the trustee in bankruptcy and his retention thereof is a question which may not be considered on the motion to confirm the sale.

The record shows that on October 5, 1943, the United States District Court, in the bankruptcy proceedings, entered an order directing the trustee to offer for sale and sell the stock here involved and apply the proceeds toward the liquidation of the judgment theretofore obtained by the trustee against Fernow in case No. 52696 in the district court of Tulsa county; that Fernow appealed from said order to the U. S. Circuit Court of Appeals for the Tenth Circuit, being case No. 2903 in that court; that on May 8, 1944, while said appeal was pending, the U. S. District Court issued the order here in question, directing the trustee to deliver said stock to the sheriff of Tulsa county. Fernow also appealed from that order to the Circuit Court of Appeals. It is this order which Fernow now contends was made without jurisdiction.

The reason the court had power to make said order is set forth in the decision in the appeal in the latter case, being Fernow v. Liberty Royalties Corporation et al., 146 Fed. 2d 396. Therein it is said:

"The order of October 5, 1943, was interlocutory order. The appeal therefrom did not transfer jurisdiction over the entire bankruptcy proceedings to the appellate court. It did not preclude further proceedings in the court below which would not interfere with the jurisdiction of this court in No. 2903 or impinge upon any orders it might make therein. The subject matter of the appeal was the jurisdiction of the bankruptcy court to order the sale of the stock to satisfy the state court judgment. The stock itself was not the subject matter of the appeal. The appeal did not involve the power of the bankruptcy court to surrender the stock under an execution issued by the state court. And the bankruptcy court would have been under no compulsion to proceed with the sale of the stock under the order of October 5,

1943, had this court affirmed that order. The order was interlocutory and could be vacated by the bankruptcy court at any time during the pendency of the proceedings. The order of May 8, 1944, in no wise impinged upon the jurisdiction of this court in No. 2903, or any orders it might make therein. Had this court affirmed the order appealed from in No. 2903, the bankruptcy court would still have been free not to proceed with the sale under the order of October 5, 1943, and to permit the stock to be surrendered to the sheriff under the state court execution. On the other hand, a reversal by this court of the order of October 5, 1943, would have left the bankruptcy court free to surrender the stock to the sheriff under the state court execution."

The order of October 5, 1943, was reversed by the Circuit Court of Appeals without opinion, Fernow v. Gubser, Trustee, 144 Fed. 2d 249.

Fernow has never contended, and does not here contend, that his stock was not liable to sale under the judgment of the district court of Tulsa county in case No. 52696, if said judgment is valid. Under the opinion in Fernow v. Liberty Royalties Corporation et al., No. 3050, supra, the Federal District Court had power to direct the trustee to deliver the stock to the sheriff of Tulsa county, for sale under execution while the appeal was pending in case No. 2903.

As to the order to deliver the stock to the sheriff of Tulsa county, the Circuit Court of Appeals, in Fernow v. Liberty Royalties Corporation et al., No. 3050, supra, stated:

"In the appeal in No. 2903, Fernow took the position that the sale of the stock should be on an execution issued out of the state court and that the bankruptcy court was wholly without jurisdiction to order the sale of stock, because the stock belonged to Fernow and was not the property of the bankrupt. This court sustained that contention on the former appeal. With the approval of the bankruptcy court, the stock has now been sold under an execution issued out of the state court.

'Fernow will not now be permitted to reverse his position and insist that the sale should have been under an order of the bankruptcy court."

We approve and adopt the statement there made.

It is also asserted that the notice of sale does not properly describe the property to be sold, in that it does not state in the body of the notice the name of the corporation issuing the stock which is being offered for sale. The objection to the confirmation does not specifically charge insufficiency of the description nor does the petition in error assert this particular defect. In his brief, Fernow states that this notice is so defective that citation of authorities would seem unnecessary, and no authorities are cited on that question.

A description is sufficient if the property is described with reasonable certainty so as to enable prospective bidders, in the exercise of ordinary diligence, to identfy it. 23 C. J. 639.

In the instant case the notice shows that the sale was being made In the Matter of Liberty Royalties Corporation, in Proceedings for Corporate Reorganization under Section 77-B of the National Bankruptcy Act. The number of each certificate with the number of shares represented and the person to whom it was issued were set forth in the notice so that any person by reasonable diligence could have ascertained and known what property was to be offered for sale. Defendant Fernow was fully advised what stock was being offered for sale and the record shows he was present and bid on the stock. In the absence of any authorities to the contrary, we think the notice was sufficient.

Affirmed.

HURST, V. C. J., and OSBORN, BAYLESS, WELCH, DAVISON, and ARNOLD, JJ., concur.