## THORNBURGH v. BEN HUR COAL CO.

No. 33761. Nov. 14, 1950.

*224 P. 2d 249.*

W. J. Peterson and Bill Peterson, both of Okmulgee, for plaintiff in error.

Steele & Boatman, of Okmulgee, for defendant in error.

HALLEY, J. The appeal before us arose out of the following facts and circumstances: Mac Thornburgh, plaintiff in error here, and another filed an action in the district court of Okmulgee county against Ben Hur Coal Company, a corporation, to cancel a coal mining lease covering certain lands in that county. The lease was dated April 30, 1929, and was for a primary term of 15 years and as much longer as coal was mined. On March 26, 1947, the court entered a judgment, the pertinent portion of which is as follows:

"It is therefore considered, ordered, adjudged and decreed that unless within ninety (90) days from final judgment herein the Ben Hur Coal Company, its successors or assigns, are actually producing coal upon said lease premises that the coal lease described in plaintiff's Amended Petition be cancelled, and in such event all rights thereunder of the Ben Hur Coal Company shall cease and terminate, except the right to remove its property as provided in said lease."

Both parties filed motions for new trial, which were overruled. Ben Hur Coal Company gave notice of appeal, and perfected its appeal to this court, as Supreme Court case No. 33370. On November 26, 1947, Ben Hur Coal Company filed in this court its motion to dismiss its appeal, attaching thereto an affidavit to the effect that during the month of October, 1947, it produced coal from the leased premises, was continuing to produce coal therefrom, and that, having complied with the 90-day provision of the above decree dated March 26, 1947, the questions involved in the appeal had become moot.

On December 1, 1947, the defendants in error in that case filed a motion to dismiss the appeal on the ground that the judgment of March 26, 1947, was not final and therefore not appealable. They also raised the objection that the defendants in error in this case had made no objections and preserved no exceptions to the decree of March 26, 1947, and had presumably waived any objections they had to that judgment.

On December 16, 1947, this court entered an order in case No. 33370 granting the motion of Ben Hur Coal Company to dismiss its appeal and striking the motion of the Thornburghs to dismiss the appeal.

The Thornburghs, after the mandate of this court had reached the clerk of the district court of Okmulgee county, secured the issuance of an execution directing the sheriff to dispossess the Ben Hur Coal Company from the leased premises. Ben Hur Coal Company filed a motion to recall the execution. The trial court recalled the execution upon the ground that the judgment of March 26, 1947, did not become final until December 16, 1947, when Ben Hur Coal Company's motion to dismiss the appeal was sustained, and the 90-day period had not expired, and the execution was therefore prematurely issued. Mac Thornburgh alone has appealed from this order, and this brings us to the case now under consideration. Mac Thornburgh has presented the following propositions:

"1. The interlocutory judgment rendered on March 26, 1947, became final 90 days from the date thereof, and the coal lease was entitled by law to be decreed cancelled as of June 25, 1947.

"2. When the appeal of the defendant in error was dismissed by the Supreme Court of Oklahoma, the effect was the same as if no appeal had ever been taken from the interlocutory judgment of March 26, 1947.

"3. The judgment of the court, from which this appeal is taken, is not supported by sufficient evidence."

When we look at the judgment rendered on March 26, 1947, we see at once that it is not a final judgment because it says that the defendants have 90 days after final judgment to produce coal from premises in question, and that if this is done their mineral lease will not be canceled. At best this type of judgment is ambiguous. Under our statutes and decisions the judgment was not final. Section 952, Title 12, O. S. 1941, provides that this court may reverse, vacate, or modify judgments of the district, superior, or county courts, and also a "final order" of such courts.

Section 953, Title 12, O. S. 1941, defines a "final order" in part as an order affecting a substantial right in an action when such order, in effect, determines the action and prevents a judgment. A "judgment" is defined in section 681, Title 12, O. S. 1941, as follows:

"A judgment is a final determination of the rights of the parties in an action."

In Carroll v. State ex rel. Mosier, 80 Okla. 89, 194 P. 219, it is said:

"A final judgment is one ending a particular action in which it is entered, leaving nothing further for the court pronouncing it to do in order to determine the rights of the parties."

In Consumers' Oil & Refining Co. v. Bilby, 91 Okla. 282, 217 P. 484, a case involving an oil and gas lease, the court said that a judgment which gave the lessee 90 days from the date of judgment to begin certain work under the lease or have same canceled was not a final judgment; and in that case lessor filed a motion calling the court's attention to the fact that the original judgment had not been complied with, and asked that a judgment be entered canceling the lease.

As we view this case, no final judgment was entered prior to appeal. When the appeal was dismissed on the motion of the defendant, the case was back in the trial court as if no appeal had

ever been taken. Matyski v. Buczkowski, 152 Ark. 89, 237 S.W. 694; Clonts v. Spurway, 104 Fla. 340, 139 So. 896; Gaskins v. Mack, 91 Fla. 284, 107 So. 918; 4 C.J.S., Appeal and Error, §1386. At this point in the proceedings we find that the plaintiff had obtained a writ of execution and the defendant was seeking that it be recalled, and showed the trial court that it was producing coal under its lease. At no time has plaintiff filed a motion asking for a final judgment. The defendant's action on its motion to recall the execution amounted in reality to a motion for a final judgment in its favor. The trial court decided that the judgment became final when the appeal was dismissed in the Supreme Court. He entered the judgment originally and should know what he intended in the judgment of March 26, 1947. That judgment is capable of other interpretations, but certainly there was no final judgment in the case prior to that, so we can reach no other conclusion than that the execution proceedings were premature.

The judgment of the trial court is affirmed.

DAVISON, C.J., and CORN, LUTTRELL, and JOHNSON, JJ., concur. WELCH, J., concurs in conclusion of affirmance. ARNOLD, V.C.J., and O'NEAL, J., dissent.