**FEDERAL DEPOSIT INSURANCE CORPORATION as Manager of the FSLIC Resolution Fund as Receiver for Homestead Savings and Loan Association, Woodward, Oklahoma, Appellee,**

v.

**Frank TIDWELL; Mary E. Tidwell, Appellants.**

**No. 73406.**

Supreme Court of Oklahoma.

Nov. 19, 1991.

14. *Chamberlin v. Chamberlin,* 720 P.2d 721, 723 (Okl.1986).

15. *Price v. Price,* 471 P.2d 894, 896 (Okl.1970).

Michael F. Stake, Woodward, for appellants, Frank Tidwell and Mary E. Tidwell.

Mark E. Pruitt, Phillips, McFall, McCaffrey, McVay, Sheets & Lovelace, P.C., Oklahoma City, for appellee, FSLIC.

Richard H. Ruth, Oklahoma City, for appellee, FDIC.

SUMMERS, Justice.

## I. FACTS AND POSTURE

Federal Savings and Loan Insurance Corporation as Receiver for Homestead Savings and Loan Association of Woodward sued to foreclose its mortgage on properties owned by the Tidwells and other defendants. The Tidwells pled estoppel, waiver, and laches as affirmative defenses. FSLIC moved for summary judgment. The trial court granted the motion, stating that it granted judgment *"in rem"*, and determined the amount due on each note, together with interest and attorney fees. In its order the court ordered the property sold and further said "all issues of *in personam* liability (to include claims, counterclaims, and defenses) if any, of all the defendants are hereby specifically reserved for hearing upon hearing of Plaintiffs' Motion for Deficiency Judgment." The Tidwells appealed.

FSLIC moved to dismiss the appeal as premature, arguing that no appealable judgment had yet been rendered. The Tidwells responded that if the appeal were dismissed the trial court would proceed with judicial sale and that their property would be sold to someone else before they were ever heard on their affirmative defenses to the foreclosure suit. We conclude that the order appealed is not a final order for the purpose of appeal and that the appeal must be dismissed. However, because the interlocutory order on "summary judgment" authorizes execution on the property of the defendants prior to adjudicating their defenses, we issue a writ of prohibition to prohibit execution unless and until a proper order is rendered. However, before explaining our decision we must substitute the proper party as appellee/respondent.

## II. SUBSTITUTION OF FEDERAL DEPOSIT INSURANCE CORPORATION FOR FEDERAL SAVINGS AND LOAN INSURANCE CORPORATION.

The Plaintiff and original appellee herein is the Federal Savings and Loan Insurance Corporation in its capacity as Receiver for Homestead Savings and Loan Association, Woodward, Oklahoma. The FDIC has requested that it be substituted for the FSLIC on appeal. With certain exceptions, all assets and liabilities of the Federal Savings and Loan Insurance Corporation were transferred to the FSLIC Resolution Fund on August 8, 1989. 12 U.S.C. § 1821a(a)(2)(A). The FSLIC Resolution Fund is managed by the Federal Deposit Insurance Corporation. *Id.* at § 1821a(a)(1). The Financial Institutions Reform, Recovery, and Enforcement Act of 1989, Pub.L. No. 101–73, Title IV § 401(f)(2) 103 Stat. 183, 356, provides in part: "[n]o action or other proceeding commenced by or against the Federal Savings and Loan Insurance Corporation, ... shall abate by reason of the enactment of this Act, except that the appropriate successor to the interests of such Corporation shall be substituted for the Corporation or the Federal home loan bank as a party to any such action or proceeding." With no objection from any of the parties we hereby substitute as appellee the Federal Deposit Insurance Corporation as Manager of the FSLIC Resolution Fund as Receiver for Homestead Savings and Loan Association, Woodward, Oklahoma.

## III. APPELLATE REVIEW, THE FORECLOSURE DECREE, AND DISMISSING AND RECASTING THE APPEAL

We need not theorize about *in rem* and *in personam* judgments to resolve the problem before us at this stage of the proceeding. The record clearly shows that the FSLIC sought a personal judgment against the Tidwells in its petition for foreclosure of its mortgage. Such requested relief is proper under the jurisprudence of this State. *Mehojah v. Moore*, 744 P.2d 222 (Okla.App.1987), (approved for publica-

tion by Supreme Court).[1] The record before us contains no request by any party for an *in rem* judgment.

■ There can be only one "judgment" or one *final* judicial determination upon a single cause of action. *See Stubblefield v. General Motors Acceptance Corp.*, 619 P.2d 620, 624 (Okla.1980) and *Oklahomans For Life, Inc. v. State Fair of Okla.*, 634 P.2d 704, 706 (Okla.1981). In a strict sense, this one judgment in a foreclosure proceeding is the order determining the amount due and ordering the sale to satisfy the mortgage lien. *Jones v. England*, 782 P.2d 119, 121 (Okla.1989); *Mehojah v. Moore*, 744 P.2d at 225. *See also Willis v. Nowata Land and Cattle Co., Inc.*, 789 P.2d 1282, 1285 n. 11 (Okla.1989), (deficiency judgment[2] described as a "post-judgment" order). This view is nothing new to the jurisprudence of this State. *See Funk v. Payne*, 183 Okl. 332, 82 P.2d 976 (1938), wherein we explained that in order to appeal errors in a judgment of foreclosure it was necessary to appeal from that judgment, and *First National Bank v. Colonial Trust Co.*, 66 Okl. 106, 167 P. 985, 987, 988 (1917), wherein we observed that the order of foreclosure was final as it was not appealed. In *Reliable Life Ins. Co. of St. Louis v. Cook*, 601 P.2d 455, 457 (Okla. 1979), we observed that the appellant did not appeal the foreclosure judgment prior to the motion for the deficiency. In *Burton v. Mee*, 152 Okl. 220, 4 P.2d 33, 36 (1931), we said that a judgment of foreclosure could not be attacked in the context of a motion to confirm a sale but that the parties' remaining remedy in attacking the judgment at that point in the proceedings was by vacating the judgment. In *Wyant v. Davidson & Case Lumber Co.*, 173 Okl. 467, 49 P.2d 151, 154 (1935) we did the same.

■ The trial court order before us states the amounts due. The trial court, however, did not *adjudicate* the amounts due, and that is because it failed to adjudicate the sufficiency of the Tidwells' defense to the motion for summary judgment. In other words, the plaintiff's cause of action was not fully adjudicated.

■ A judgment that adjudicates a plaintiff's cause of action must also adjudicate all defenses and interrelated counterclaims to that particular cause of action that were properly raised by the defendant. For example, in *Eason Oil Co. v. Howard Engineering*, 755 P.2d 669 (Okla.1988), we said that "[w]hen a counterclaim is interrelated with the plaintiff's claim, no judgment is rendered in the case until *all* issues raised by *both* claims have been resolved." *Id.* 755 P.2d at 670 n. 1. *See also Retherford v. Halliburton Co.*, 572 P.2d 966, 968 (Okla.1977), wherein we explained that the concept of a cause of action "exists to satisfy the needs of plaintiffs for a means of redress, *of defendants for a conceptual context within which to defend an accusation*, and of the courts for a framework within which to administer justice." (Emphasis ours).

The order before us specifically declined to adjudicate the legal sufficiency of the Tidwells' defense to the foreclosure of the mortgage. Thus, the order does not adjudicate the cause of action and is not a judgment. *See Teel v. Public Service Co. of Oklahoma*, 767 P.2d 391, 395 (Okla. 1985), in which we explained that a summary adjudication of less than all of a cause of action is not appealable as a judgment. However, the order does include two characteristics of a judgment since it authorizes execution[3] and awards attor-

---

1. An opinion of the Court of Appeals approved for publication by the Supreme Court "shall be accorded precedential value." 12 O.S.Supp. 1990, Ch. 15, App. 2, Rule 1.200(C)(B). (Effective retroactively to April 1, 1983).

2. Although the "deficiency judgment" has the effect of a judgment for some purposes as in *Baker v. Martin*, 538 P.2d 1048 (Okla.1975), and *Jones v. England, supra,* the deficiency order is "an order affecting a substantial right, made in

a special proceeding or upon summary application in an action after judgment" and thus, a final order under 12 O.S.1981 § 953 and appealable under 12 O.S.1981 § 952(b)(1). *See McCredie v. Dubuque Fire & Marine Ins. Co.,* 49 Okl. 496, 153 P. 846 (1916).

3. *See Mann v. State Farm Mut. Auto. Ins. Co.,* 669 P.2d 768, 772 (Okla.1983), (court described treating an interlocutory summary adjudication

ney's fees.[4]

 We have held that an order of sale after judgment in a foreclosure proceeding is an "execution" within section 732 of title 12. *See Bartlett Mortgage Co. v. Morrison,* 183 Okl. 214, 81 P.2d 318 (1938). We have also explained that an execution is premature when issued on a judgment that shows on its face that it is not final. *Thornburgh v. Ben Hur Coal Co.,* 203 Okl. 553, 224 P.2d 249 (1950). An erroneous execution arising from a foreclosure proceeding, by itself, is insufficient to warrant extraordinary relief by prohibition. *See Schuman v. Sternberg,* 179 Okl. 118, 65 P.2d 413 (1937). Here, the authorized execution and sale of the Tidwells' property prior to an adjudication of their alleged defense is not only premature but a fundamental flaw in the order.[5]

 Due process mandates that a party be given an opportunity to participate in the proceedings and an opportunity to controvert the claims of the opposing party. *Cate v. Archon Oil Co., Inc.,* 695 P.2d 1352, 1356 (Okla.1985); *Jackson v. Independent School Dist. No. 16,* 648 P.2d 26, 31 (Okla.1982). As the present case now stands below, the defendants' property is subject to forced sale prior to *any* judicial review of the legal sufficiency of their alleged defenses to the seizure and sale of the property. Such a result contravenes due process. *Cate v. Archon Oil Co., Inc., supra,* and *Jackson v. Independent School Dist. No. 16, supra.*

 This court on occasion, and when justice so requires, will treat a petition in error as an original action for a writ, or vice versa. *In the Matter of B.C.,* 749 P.2d 542, 544 (Okla.1988); *Prock v.*

*District Court of Pittsburg County,* 630 P.2d 772, 775 (Okla.1981). This is such a case. We dismiss the appeal herein and recast a portion of the Tidwells' petition in error as an application for extraordinary relief. *In the Matter of B.C., supra.* We issue a writ and prohibit the respondent district judge, or any other assigned judge in this cause, from enforcing that part of the present interlocutory order that authorizes execution on the property and its sale. The trial court remains free on remand to adjudicate the claims and defenses and then render any appropriate judgment of foreclosure.

HODGES, V.C.J., and LAVENDER, DOOLIN, ALMA WILSON and KAUGER, JJ., concur.

OPALA, C.J., concurs in result.

SIMMS and HARGRAVE, JJ., dissent.

OPALA, Chief Justice, concurring in result.

Although the court is correct in dismissing this appeal for want of an appealable decision, the *precise legal point upon which I would focus* is whether the adjudication sought to be reviewed constitutes a *"judgment"* within the meaning of 12 O.S.1981 § 681.[1] I would unequivocally answer in the negative and hold that the trial court's ruling in this foreclosure action is but an *interlocutory summary adjudication anterior to judgment,* from which no appeal lies. I concur in prohibiting nisi prius execution process. When the dismissal of an appeal leaves a case in procedural limbo, this court's writ power—in aid of its superintending authority conferred by Art. 7 § 4, Okl. Const.,[2]—may be exercised to

---

as final when such order would authorize execution on the order).

**4.** The right to an attorney's fee in a foreclosure proceeding depends upon a final judgment. *Oklahoma Farm Mortgage Co. v. Cesar,* 178 Okl. 451, 62 P.2d 1269, 1278 (1936); *Miller v. Liberty Nat'l Bank & Trust Co.,* 391 P.2d 269, 272 (Okla. 1964).

**5.** We make no conclusions as to the sufficiency of the Tidwells' defense or their response to the motion for summary judgment. Such a deter-

mination is within the province of the trial court.

**1.** The terms of 12 O.S.1981 § 681 are:

"A *judgment* is the *final determination of the rights of the parties in an action."* (Emphasis added.)

**2.** The pertinent terms of Art. 7 § 4, Okl. Const., are:

"* * * *The original jurisdiction of the Supreme Court shall extend to a general superin-*

place the case on the proper procedural track.[3]

Appellants—defendants in a mortgage foreclosure action—seek review of a so-called "summary judgment" that expressly reserves for future determination their personal liability for the underlying obligation. The trial court did find, among other things, that the overdue notes in suit are secured by mortgages and that the properties should be sold. *Without doubt these findings do not constitute a judgment.*[4] *There can be no judgment when the court disposes of but a portion of the claim and leaves unresolved any other issues joined by the pleadings.*[5]

*This appeal should be dismissed for only one reason.* The trial court's ruling fails to resolve *all* the issues in the controversy and hence falls short of a judgment.[6] Unless the decision before us qualifies as an interlocutory order appealable by right or is certified for immediate review[7]—and this decision clearly does not—the adjudication is but a nonappealable prejudgment order.[8]

This appeal's dismissal should have no impact upon the trial court's order directing that the property be sold. Inasmuch as execution and sale proceedings cannot precede the time when judgment is entered, I would, as the court does today, invoke *sua sponte* our superintending control, conferred upon this court by Art. 7 § 4, Okl.

---

tending control over all inferior courts and all Agencies, Commissions and Boards created by law. *The Supreme Court ... shall have power to issue, hear and determine writs of* habeas corpus, *mandamus,* quo warranto, certiorari, *prohibition and such other remedial writs* as may be provided by law and may exercise such other and further jurisdiction as may be conferred by statute. * * *" (Emphasis added.)

**3.** See *Continental Oil Co. v. Allen,* Okl., 640 P.2d 1358, 1360 (1982); *Sheegog v. Incorporated Town of Lindsay,* 127 Okl. 39, 259 P. 551 (1927) (the court's syllabus).

**4.** See *King v. Finnell,* Okl., 603 P.2d 754, 756 (1979), where in a mortgage foreclosure action the order tendered for review fell short of a judgment because only one of several issues in the claim had been resolved. The trial court there had found the defendant liable but left the quantum of liability undetermined.

**5.** 12 O.S.1981 § 681, *supra* note 1; *Reams v. Tulsa Cable Television, Inc.,* Okl., 604 P.2d 373, 374 (1979); *Oklahomans For Life, Inc. v. State Fair of Okl.,* Okl., 634 P.2d 704, 706 (1981); *Hurley v. Hurley,* 191 Okl. 194, 127 P.2d 147, 148 (1942) (the court's syllabus ¶ 3); *Foreman v. Riley,* 88 Okl. 75, 211 P. 495 (1923) (the court's syllabus ¶ 4); *Wells v. Shriver,* 81 Okl. 108, 197 P. 460 (1921) (the court's syllabus ¶ 2).

**6.** See *Teel v. Public Service Co. of Oklahoma,* Okl., 767 P.2d 391, 395 (1989); *Eason Oil Co. v. Howard Engineering,* Okl., 755 P.2d 669, 672 (1988); *Dennis v. Lathrop,* 204 Okl. 684, 233 P.2d 969, 970 (1951); *Fowler v. City of Seminole,* 196 Okl. 167, 163 P.2d 526 (1945); *Hutchison v. Wilson,* 136 Okl. 67, 276 P. 198, 200 (1929).

**7.** See *Reams v. Tulsa Cable Television, Inc., supra* note 5 at 374.

**8.** In an unpublished order (reproduced *infra*) this court dismissed an appeal, holding that in a foreclosure action a ruling which does not determine the maker's liability on the note fails to resolve all the issues in the controversy and is hence nonappealable. *First Interstate Bank of California v. Morford* (No. 68,014, February 23, 1987):

"ORDER

"Appellee's motion to dismiss is granted, and this appeal is ordered dismissed as having been prematurely filed from an order which grants to the appellee one of the remedies sought below, but which leaves the remainder of appellee's claim pending. Such order neither amounts to a final determination of the rights of the parties, fully resolving all issues in controversy, nor is it an interlocutory order specifically made appealable by statute. 12 O.S.1981, §§ 953, 993; Rules of Civil Appellate Procedure, Rule 1.11(b), and Rule 1.60.

"Nothing herein shall preclude the bringing of a subsequent appeal, addressing the issues involved herein, upon the entry of a final, appealable order.

"DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 23RD DAY OF *FEBRUARY,* 1987.

/s/ John B. Doolin
CHIEF JUSTICE

"DOOLIN, C.J., HARGRAVE, V.C.J., HODGES, LAVENDER, KAUGER, JJ., concur.

"OPALA, J., concur[s] in result—I would *add* that our dismissal is *without prejudice* to appellant's plea for an order arresting execution and sale proceedings in the trial court until the issue of his personal liability has been resolved." (Emphasis in original.)

Const.,[9] and prohibit execution process from issuing.[10]

---

**9.** For the pertinent terms of Art. 7 § 4, Okl. Const., see *supra* note 2.

**10.** See the authorities cited *supra* note 3.