John C. BAKER and Olga Baker,
Appellants,

v.

Delmas E. MARTIN et al., Appellees.

No. 47496.

Supreme Court of Oklahoma.

July 22, 1975.

James P. Melone, Tulsa, for appellants.
Thomas D. Frasier, Tulsa, for appellees.

BERRY, Justice.

The issue presented herein is whether date trial court entered judgment on promissory note and foreclosed mortgage given to secure note, or date of deficiency judgment, is date of judgment for purposes of dormancy statute [12 O.S.1971 § 735].

Defendants Martin and others executed promissory note for $90,000 payable to plaintiffs. To secure payment defendants executed purchase money real estate mortgage.

Defendants defaulted on note and plaintiffs brought action for judgment on note and foreclosure of mortgage. On March 20, 1964, trial court entered judgment against defendants for $90,000, interest, attorney fees and costs. The court also foreclosed the mortgage and provided property would be sold if judgment was not satisfied within six months.

Order of sale issued on August 3, 1966. On September 7, 1966, property was sold and court issued order approving sale. On the same day plaintiffs filed motion for deficiency judgment.

On May 22, 1967, trial court granted deficiency judgment for $39,000.

Plaintiffs issued execution against defendants on May 18, 1972, and December 26, 1973. With latter execution, plaintiffs applied for order requiring defendants to appear and disclose assets.

Defendants Martin filed "Motion To Quash And Plea At Bar." In motion they requested court quash order to appear and disclose assets, and enter order barring plaintiffs from further efforts to collect judgment on ground judgment was dormant under § 735, supra. Trial court sus-

tained motion, and Court of Appeals, Division 1, affirmed. Plaintiffs seek certiorari.

Section 735, *supra*, provides judgment becomes dormant if execution is not sued out within 5 years after date of judgment, or, if 5 years intervene between date of last execution issued on judgment and date of suing out another execution.

Defendants Martin contend date of deficiency judgment is disregarded for purposes of dormancy statute. They contend judgment was entered on March 20, 1964; order directing sale of property issued on August 3, 1966; such order constituted execution and 5 year period began to run on August 3, 1966; and next execution was issued on May 18, 1972, which was more than 5 years after first execution.

Plaintiffs contend date of judgment was May 22, 1967, the date deficiency judgment was granted. They contend next execution issued within 5 years of that date [on May 18, 1972] and judgment was not dormant.

The trial court and Court of Appeals adopted defendants' contention citing *Bartlett Mortgage Co. v. Morrison*, 183 Okl. 214, 81 P.2d 318.

In cited case plaintiff obtained judgment on note and foreclosure of mortgage given to secure note. Order of sale issued on March 11, 1931. Sale was conducted and confirmed and deficiency judgment was entered on April 29, 1931.

Under applicable statutes judgment became dormant if no execution issued for 5 years and party had one year after judgment became dormant in which to revive it.

Motion to revive judgment was filed on March 11, 1937.

This Court held order of sale, which issued on March 11, 1931, was execution for purposes of dormancy statute; judgment became dormant on March 11, 1936; and last day judgment could have been revived was March 11, 1937. We noted application to revive was filed on March 11, 1937, but held order of revival must actually have been entered on that date in order to revive judgment.

Plaintiff therein contended date of judgment was April 29, 1931, the date deficiency judgment was entered, and trial court could have revived judgment at any time prior to April 29, 1937.

We held order ascertaining deficiency judgment was not judgment for purposes of dormancy statute. In so doing, we considered 12 O.S.1931 § 686, and stated:

"  *   *   *  our procedure relating to so-called deficiency judgments falls within the history of the subject as set out in 42 C.J. 290, Sec. 1974, et seq., as follows:

" 'Under the original equity practice, unmodified by any statute or authorized rule of court, a proceeding to foreclose a mortgage was strictly in rem, and, consequently, the court had no power to render a personal judgment against the mortgagor or any other defendant  *   *   *

" 'Since this procedure subjected the debtor to double litigation, statutes have now been enacted in most jurisdictions, which permit the court either to include in the foreclosure decree a provision ordering the payment of the deficiency if any shall arise  *   *   *.' "

"In other words, once our trial courts are vested with jurisdiction in a foreclosure action, they render judgment for the debt once and for all, order the sale of the property, and provide that if the property fails to sell for sufficient to pay the judgment debt, an execution may issue against the debtor's property generally. In this aspect of the case the ascertainment of the deficiency becomes a mere clerical act and partakes of none of the aspects of a judgment.

"It is customary to speak of deficiency judgments, but strict attention to expression would require the use of words designating a deficiency on a judgment. In other words, simply a balance owing on a judgment after part has been paid

by the application of the proceeds of the sale of the security. \* \* \*

\*  \*  \*  \*  \*  \*

" \* \* \* That the determination that a balance remains unpaid on the judgment after the application of the proceeds—a deficiency—is in futuro and dependent upon the amount for which the property sells, does not make the determination of that fact a new judgment. That the right to issue a general execution depends upon the finding that a deficiency remains does not make it a new judgment, nor change the nature of the judgment. \* \* \*

\*  \*  \*  \*  \*  \*

" \* \* \* It·is hardly to be thought that the uncertainty whether apparently sufficient proceeds will suffice to satisfy the judgment would necessitate the rendition of a new judgment for the balance, if one remained. It remains the same judgment in a reduced amount."

*Bartlett Mortgage Co. v. Morrison, supra,* was decided in 1938.

In 1941 the legislature amended § 686, *supra,* by adding the following provision:

" \* \* \* Notwithstanding the above provisions no judgment shall be enforced for any residue of the debt remaining unsatisfied as prescribed by this Act after the mortgaged property shall have been sold, except as herein provided. Simultaneously with the making of a motion for an order confirming the sale or in any event within ninety days after the date of the sale, the party to whom such residue shall be owing may make a motion in the action for leave to enter a deficiency judgment \* \* \* Upon such motion the court \* \* \* shall determine \* \* \* the fair and reasonable market value of the mortgaged premises \* \* \* and shall make an order directing the entry of a deficiency judgment. Such deficiency judgment shall be for an amount equal to the sum of the amount owing by the party liable \* \* \* less the market value as de-

termined by the court or the sale price of the property whichever shall be the higher. If no motion for a deficiency judgment shall be ˌmade as herein prescribed the proceeds of the sale regardless of amount shall be deemed to be in full satisfaction of the mortgage debt and no right to recover any deficiency in any action or proceeding shall exist."

Plaintiffs contend as result of amendment to § 686, *supra,* an order granting deficiency judgment is more than a mere clerical act, and principles enunciated in *Bartlett Mortgage Co. v. Morrison, supra,* are no longer applicable.

We agree. Section 686, *supra,* as amended, requires mortgagee to file motion for deficiency judgment within 90 days after date of sale. After notice and hearing, court determines fair market value of property and enters deficiency judgment for amount of original judgment less market value or sale price of mortgaged property, whichever is higher. If no motion for deficiency judgment is filed, the proceeds of sale are deemed to be in full satisfaction of mortgage debt and mortgagee has no right to recover deficiency.

Certainly this makes order establishing deficiency judgment more than a mere clerical act.

*In Methvin v. American Savings & Loan Ass'n,* 194 Okl. 288, 151 P.2d 370, overruled on other grounds *North v. Haning,* 204 Okl. 321, 229 P.2d 574, we considered § 686, *supra,* as amended, and § 735, *supra,* and stated:

"The \* \* \* statute [§ 735] does not apply for the additional reason that no deficiency judgment was given in either of the foreclosure suits mentioned, nor can there be such until the property secured by the mortgage has been disposed of under the mortgage foreclosure judgment and a deficiency judgment determined by the court. \* \* \*"

Furthermore, in *Ingerton v. First National Bank & Trust Co. of Tulsa,* (10th Cir.,) 291 F.2d 662, the federal court con-

sidered § 686, *supra*, and § 735, *supra*, and stated:

"This statute [§ 735] might be controlling if the entry of the deficiency judgment was a mere clerical act so that the dormancy statute would run against the original instead of the deficiency judgment, for the motion to vacate the deficiency judgment was filed more than five years after entry of the original judgment. Since the 1941 Amendment to Section 686, however, the entry of a deficiency judgment is not a mere clerical act but a judicial determination. * * * 'It is a post-judgment prerequisite to the issuance of a general execution for the enforcement of the unpaid balance due upon the original judgment.' * * * The Oklahoma dormancy statute is obviously concerned with the repose of judgments for failure to issue timely executions, and inasmuch as no general execution could lie on the balance due on the original judgment until judicial determination and entry of the deficiency judgment, it is clear that the dormancy statute, if applicable, did not start to run until after entry of the deficiency judgment, which was entered less than five years before filing the motion to set it aside."

We conclude order granting deficiency judgment under § 686, supra, as amended, constitutes a new judgment for purposes of dormancy statute.

In present case trial court entered order granting deficiency judgment on May 22, 1967. Execution issued within 5 years thereafter [on May 18, 1972]. We conclude trial court erred in holding plaintiffs' judgment had become dormant.

Certiorari granted, opinion of Court of Appeals vacated, judgment of trial court reversed, and cause remanded to trial court with directions to proceed in accordance with principles enunciated herein.

WILLIAMS, C. J., and DAVISON, IRWIN, LAVENDER, BARNES and DOOLIN, JJ., concur.