1998 OK CIV APP 140

**BANK OF THE PANHANDLE, an Oklahoma Banking Corporation, Plaintiff/Appellee,**

v.

**Irving HILL and Imogene Hill, Defendants/Appellants.**

**No. 90842.**

Court of Civil Appeals of Oklahoma, Division No. 3.

Aug. 31, 1998.

James R. Fletcher, Guymon, for Plaintiff/Appellee.

James M. Boring, Boring & Leach, Guymon, for Defendants/Appellants.

BUETTNER, Presiding Judge:

¶ 1 Defendants/Appellants Irving Hill and Imogene Hill (Hills) appeal from summary judgment granted to Plaintiff/Appellee Bank of the Panhandle (Bank). Bank filed its petition against Mark Hill and R. Elaine Hill (Debtors) seeking judgment and foreclosure on several secured loans. In its fifth cause of action, Bank alleged that Debtors had defaulted on a promissory note, executed August 10, 1994 for $32,406.00, which was secured by cattle, a stock trailer, and a mortgage on 1.25 acres. Bank alleged that the

Hills claimed an interest in the mortgaged real property which is subject to and inferior to Bank's interest. The Hills answered that Debtors were in default in their obligation to the Hills, requested judgment against Debtors, and alleged that the Hills' mortgage on the property was prior to and superior to Bank's. Bank then filed its motion for summary judgment against the Hills. The trial court granted summary judgment to Bank January 16, 1998.

¶ 2 Summary judgment is proper only when it is apparent that there is no substantial controversy as to any material fact and that one party is entitled to judgment as a matter of law. *Seitsinger v. Dockum Pontiac Inc.*, 1995 OK 29, 894 P.2d 1077, 1079; 12 O.S.1991 Ch. 2, App., Rule 13. The facts of the instant case are not in dispute. In 1977, Debtors mortgaged the real property, a 1.25 acre tract in the NW/4 of Section 3–5N–17E in Texas County, to the Federal Land Bank of Wichita, Kansas. The mortgage had a principal amount of $39,500, payable in twenty consecutive annual installments. Debtors eventually defaulted, and the Federal Land Bank sued to foreclose on the property. A decree of foreclosure was filed December 14, 1988 in case No. C–88–120 in Texas County District Court. The decree awarded the Federal Land Bank judgment against Debtors in the amount of $12,551.36 plus interest and attorney fees. The decree further ordered that Debtors' interest in the property was foreclosed and ordered that the property be sold. On March 8, 1989, an assignment of judgment was filed in Texas County. In the assignment, the Federal Land Bank assigned the judgment to the Hills. On the same date, an assignment of mortgage was filed in which Farm Credit Bank of Wichita, by the Federal Land Bank Association, assigned the mortgage on the property to the Hills for $13,340.01.

¶ 3 The real property was never sold. As stated above, Debtors mortgaged the property to Bank in 1994. Bank's foreclosure action gave rise to the instant dispute. In its brief in support of its motion for summary judgment, Bank argued that the Hills failed to execute on their judgment within five years and that the judgment was dormant and unenforceable. The Hills countered that a mortgage does not merge with the decree of foreclosure and is not extinguished by the decree of foreclosure. The Hills further asserted the mortgage remains viable to secure the debt owed to them by Debtors because the property has never been sold.

¶ 4 The trial court granted Bank's motion for summary judgment after finding that the judgment of foreclosure and the mortgage were assigned to the Hills in 1989 and that no execution or sale had occurred. The trial court therefore found that the judgment and order of foreclosure became dormant and were not enforceable against the real property. Finally, the summary judgment orders that any rights of the Hills are subservient to the rights of Bank in the mortgaged property. On appeal, the Hills raise the following issues of law: 1) whether a mortgage lien merges into the decree of foreclosure or is extinguished by the rendition of the decree of foreclosure under 12 O.S.1991 § 686; 2) whether a mortgage lien continues to be enforceable under 12 O.S.1991 § 686 more than five years after foreclosure; 3) whether the dormancy statute, 12 O.S.1991 § 735, is applicable to 12 O.S.1991 § 686 only after the sale of the property and entry of a deficiency judgment; and 4) whether a decree of foreclosure entered under 12 O.S.1991 § 686 is a judgment which may become dormant under the dormancy statute. Bank argues only that the judgment is dormant, without acknowledgment of the separate assignment of the mortgage. No release of the mortgage appears in the record.

¶ 5 Title 12 O.S.1991 § 686 provides for judgment, sale and determination of deficiency in foreclosure suits:

In actions to enforce a mortgage, deed of trust, or other lien or charge, a personal judgment or *judgment* or judgments *shall be rendered for the amount or amounts due* as well to the plaintiff as other parties to the action having liens upon the mortgaged premises by mortgage or otherwise, with interest thereon, *and for sale of the property charged and the application of the proceeds;* or such application may be reserved for the future order of the court, and the court shall tax the costs, attorney's

fees and expenses which may accrue in the action, and apportion the same among the parties according to their respective interests, to be collected on the order of sale or sales issued thereon; when the same mortgage embraces separate tracts of land situated in two or more counties, the sheriff of each county shall make sale of the lands situated in the county of which he is sheriff. *No real estate shall be sold for the payment of any money or the performance of any contract or agreement in writing, in security for which it may have been pledged or assigned, except in pursuance of a judgment of a court of competent jurisdiction ordering such sale.*

\* \* \*

Notwithstanding the above provisions *no judgment shall be enforced for any residue of the debt remaining unsatisfied as prescribed by this act after the mortgaged property shall have been sold, except as herein provided.* Simultaneously with the making of a motion for an order confirming the sale or in any event *within ninety (90) days after the date of the sale, the party to whom such residue shall be owing may make a motion in the action for leave to enter a deficiency judgment upon notice to the party against whom such judgment is sought* or the attorney who shall have appeared for such party in such action. Such notice shall be served personally or in such other manner as the court may direct. Upon such motion *the court, whether or not the respondent appears, shall determine, upon affidavit or otherwise as it shall direct, the fair and reasonable market value of the mortgaged premises as of the date of sale* or such nearest earlier date as there shall have been any market value thereof *and shall make an order directing the entry of a deficiency judgment.* Such deficiency judgment shall be for an amount equal to the sum of the amount owing by the party liable as determined by the judgment with interest, plus costs and disbursements of the action plus the amount owing on all prior liens and encumbrances with interest, less the market value as determined by the court or the sale price of the property whichever shall be the higher. *If no motion for a deficiency judgment shall be made as herein prescribed the proceeds of the sale regardless of amount shall be deemed to be in full satisfaction of the mortgage debt and no right to recover any deficiency in any action or proceeding shall exist.*

\* \* \* (Emphasis added).

The Oklahoma dormancy statute is codified at 12 O.S.1991 § 735:

If execution is not issued by the court clerk and filed with the county clerk as provided in Section 759 of this title, or a notice of renewal of judgment substantially in the form prescribed by the Administrative Director of the Courts is not filed with the court clerk, or a garnishment summons is not issued by the court clerk within five (5) years after the date of any judgment that now is or may hereafter be rendered in any court of record in this state, or if more than five (5) years has passed from the date that the last execution on the judgment was filed with the county clerk, or the last notice of renewal of judgment was filed with the court clerk, or the date that the last garnishment summons was issued, the judgment shall become unenforceable and of no effect; provided, this section shall not apply to judgments against municipalities.

¶ 6 The Hills rely on *Anderson v. Barr*, 178 Okla. 508, 62 P.2d 1242 (1936) and *Methvin v. American Savings & Loan Association of Anadarko, et al.*, 194 Okla. 288, 151 P.2d 370 (1944). In *Anderson*, Barr purchased bonds secured by a first mortgage. After a decree of foreclosure of the mortgage was entered in 1923, in favor of trustee, no sale was had. Instead, the mortgagor continued to indorse the mortgaged bonds as being in full effect until 1931. In the meantime, in 1926, mortgagor had given mortgages to mortgagee Anderson on the same property. Anderson sued to foreclose it mortgages, Barr intervened, and the trial court ordered that Barr's lien was prior to Anderson's and foreclosed Barr's lien. Anderson appealed, alleging that any cause of action relating to the mortgage foreclosed in 1923 merged into the decree of foreclo-

sure and was long since dormant. Anderson alleged the later acknowledgments did not revive the dormant judgment.

¶ 7 The Oklahoma Supreme Court disagreed. It held that a decree of foreclosure determines only that there is a valid mortgage lien which the mortgagee is entitled to enforce through a sale. The Court explained that, until there has been a sale of the foreclosed property, the mortgagor retains the right of redemption until the mortgage has been dissolved by sale of the property. The Court ruled that:

> A mortgage lien on real estate is not merged into a decree of foreclosure, nor is it extinguished by the mere rendition of a decree of foreclosure. It is extinguished only by a sale. 62 P.2d at 1243, Syl. 1.

The Court noted that under Oklahoma law, the mortgage secures the debt and that no change in the form of evidence can operate to discharge the mortgage. The Court concluded that "until the sale the mortgage as a property right created by contract remains ... unaffected."

¶ 8 *Methvin, supra,* involved the foreclosure of several mortgages. In 1931, Security Building and Loan Association sued the debtors and the holder of a second mortgage for foreclosure. The second mortgage holder cross-claimed against the debtor and sought foreclosure on the second mortgage. The sale of the property did not bring enough to satisfy the first mortgage. The second mortgage holder received a foreclosure judgment against the debtors. This same scenario occurred regarding another mortgaged property with the same person holding a second mortgage and receiving a foreclosure judgment after the sale proceeds were insufficient. None of the judgments awarded to the second mortgage holder was ever paid. The second mortgage holder asserted the two judgments in the action involved in the appeal in *Methvin.* The debtors argued the judgments were dormant under § 735. The Oklahoma Supreme Court, relying on *Anderson,* held that "a mortgage lien on realty is not merged nor extinguished by a foreclosure decree or judgment," so that the dormancy statute did not apply. 151 P.2d at 377. The Court further held that § 735 did

not apply because no deficiency judgment was given in the earlier foreclosure suits. The Court noted there could be no deficiency judgment until the property was sold under the foreclosure judgment and a deficiency judgment determined by the court.

¶ 9 Bank relies in part on an opinion handed down between *Anderson* and *Methvin. Bartlett Mortgage Co. v. Morrison,* 183 Okla. 214, 81 P.2d 318 (1938), involved a foreclosure judgment entered in 1930, an order of sale entered March 11, 1931, and sale of the property April 13, 1931, confirmed April 29, 1931, followed by a motion to revive filed March 11, 1937. The dispute in *Bartlett* was whether the foreclosure judgment constituted the judgment in the matter for purposes of dormancy, or whether the order confirming the sale and establishing the deficiency constituted the final judgment in the matter. Relying on the version of § 686 then in effect, which did not provide for a separate proceeding to determine the deficiency after the sale, the Court held that the decree of foreclosure is the judgment in the matter and that the dormancy period runs from the date of the foreclosure decree or the last execution on the decree. The Court found that the entry of deficiency was merely a clerical act which does not take on the aspect of a judgment.

¶ 10 However, in 1941, § 686 was amended to provide for specific procedures for the entry of a deficiency judgment. In *Baker v. Martin,* 1975 OK 112, 538 P.2d 1048, the Court held that since the 1941 amendment to § 686, the entry of a deficiency judgment is not merely a clerical act, but a judicial determination. The Court noted the holding in *Methvin, supra,* that the dormancy statute did not apply because a deficiency judgment had not been entered, and could not be entered until the property was sold, and a deficiency could be determined by the court. The Court therefore concluded that the entry of a deficiency judgment constituted a new judgment for purposes of the dormancy statute.

¶ 11 More recently, the Supreme Court has held that a deficiency judgment is part of the post-judgment process and that the "one" judgment in a foreclosure action is the order

determining the amount due and ordering the sale. *FDIC v. Tidwell*, 1991 OK 119, 820 P.2d 1338, 1341; *Neil Acquisition, L.L.C. v. Wingrod Investment Corp.*, 1996 OK 125, 932 P.2d 1100, 1104. However, neither of these cases addressed the issues of dormancy or merger. *Tidwell* stands for the proposition that the "one judgment in a foreclosure proceeding is the order determining the amount due and ordering the sale to satisfy the mortgage lien." The Court held that the foreclosure judgment is a final, appealable judgment. 820 P.2d at 1341. Because the trial court had not entered a final judgment (because it did not dispose of Tidwell's defense), the appeal was recast as a request for a writ of prohibition, and relief was granted. *Neil Acquisition* involved priorities between competing creditors who both had foreclosure decrees but only one of which filed a deficiency order.

¶ 12 The instant matter involved the assignment of two documents: the judgment of foreclosure and the mortgage. Even relying on the later pronouncements from the Supreme Court that the order of foreclosure is the final judgment in the matter, the application of those cases to this case is that the judgment is dormant for failure to execute. However, until and unless *Anderson* and *Methvin* are overruled, the mortgage does not merge with the decree of foreclosure. *Anderson; Methvin, supra*.[1] The mortgage itself is not extinguished until the property which secures it is sold. 42 O.S. 1991 § 22.[2] The parties do not dispute that the property has not been sold and there has not been a release of the mortgage. We therefore hold that the dormancy statute does not operate to invalidate the mortgage, which continues to secure the obligation owed to the Hills by Debtors. We therefore reverse the grant of summary judgment and remand for proceedings consistent with this opinion.

REVERSED AND REMANDED.

HANSEN and ADAMS, JJ., concur.

---

1. Bank insists that *Methvin* and *Anderson* were overruled by *North v. Haning*, 204 Okla. 321, 229 P.2d 574 (1950). However, the holding in *North* applied only to a particular type of foreclosure—special assessment liens—which procedure is specifically established by statute, 11 O.S.1941 § 107. In *Baker, supra*, the Court, in relying on *Anderson* and *Methvin*, noted those cases were overruled on other grounds. 538 P.2d at 1050.

2. 42 O.S.1991 § 22 provides:

   The sale of any property on which there is a lien, in satisfaction of the claim secured thereby, or, in case of personal property, its wrongful conversion by the person holding the lien, extinguishes the lien thereon.