OSCN Found Document:HUB PARTNERS XXVI, LTD. v. BARNETT

 

 
 

 
 HUB PARTNERS XXVI, LTD. v. BARNETT
2019 OK 69
Case Number: 115995
Decided: 10/29/2019
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2019 OK 69, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

HUB PARTNERS XXVI, LTD., Plaintiff/Appellant,
v.
THOMAS BURNELL BARNETT, Defendant/Appellee.
ON CERTIORARI FROM THE COURT OF CIVIL APPEALS, DIVISION IV.
Â¶0 Hub Partners XXVI, Ltd. filed a foreclosure action against Thomas Barnett. The district court granted Hub a money and foreclosure judgment. Barnett filed for bankruptcy. During the bankruptcy, Barnett made court-approved payments to Hub. Barnett failed to pay the debt in full, and the bankruptcy court dismissed his bankruptcy. Over a month after the dismissal, Hub issued an execution on the pre-bankruptcy judgment. Barnett objected to the execution arguing the judgment was dormant pursuant to 12 O.S., Â§ 735, since more than five years had passed and Hub had not renewed the judgment. The district court agreed and granted Barnett's motion to release the dormant judgment and vacate the execution and sale order. Hub appealed, and the Court of Civil Appeals affirmed the district court's judgment. This Court granted certiorari.
COURT OF CIVIL APPEALS' OPINION VACATED; 
DISTRICT COURT'S JUDGMENT AFFIRMED IN PART AND REVERSED IN 
PART; REMANDED WITH INSTRUCTIONS.
Kelly M. Parker, LAMUN MOCK CUNNYNGHAM & DAVIS, P.C., Oklahoma City, Oklahoma, for Plaintiff/Appellant.
Charles C. Ward, THE LAW OFFICE OF CHARLES C. WARD, PLLC, Oklahoma City, Oklahoma, for Defendant/Appellee.
Winchester, J.
Â¶1 In 2011, Plaintiff/Appellant Hub Partners XXVI, Ltd. obtained a money judgment and foreclosure of a mortgage against Defendant/Appellee Thomas Burnell Barnett. Shortly thereafter, Barnett filed for bankruptcy, staying the execution of Hub's foreclosure judgment. In 2016, the bankruptcy court dismissed Barnett's bankruptcy for failure to maintain payments to Hub as ordered by the court. Hub attempted to execute the judgment. Barnett moved the district court to release the dormant judgment and to vacate the execution and sale. The district court granted Barnett's motion. Hub timely appealed, and the Court of Civil Appeals affirmed the district court's judgment. This Court granted certiorari. The issues before the Court are (1) whether Hub's foreclosure judgment is dormant, and (2) whether the mortgage at issue merges with the foreclosure judgment. For the reasons stated herein, we hold that the 2011 foreclosure judgment is dormant, but the mortgage lien does not merge into the foreclosure judgment and continues to secure Barnett's obligation owed to Hub.
I. FACTS AND PROCEDURE
Â¶2 On July 28, 2010, Hub filed to foreclose on real property and collect on a promissory note executed by two defendants, one of whom was Barnett. The district court granted judgment in Hub's favor and filed the judgment on February 24, 2011. Hub proceeded to execute on the judgment. Barnett then filed for Chapter 13 Bankruptcy on March 4, 2011, staying the execution and sale.
Â¶3 Barnett's bankruptcy plan, filed and confirmed on August 14, 2011, provided for payments to Hub. The plan covered principal, interest, and arrearages. However, Barnett failed to make payments under the plan, and on July 13, 2016, the bankruptcy court dismissed Barnett's case.
Â¶4 On August 19, 2016, thirty-seven days after the dismissal of Barnett's bankruptcy, Hub issued an alias execution on the foreclosure judgment. On September 22, 2016, Hub issued its second alias execution. On December 1, 2016, a sheriff's sale was held. However, a day prior, on November 30, 2016, Barnett filed a motion to release the dormant judgment and a motion to vacate the execution and sheriff's sale. Barnett claimed the judgment against him was unenforceable pursuant to Oklahoma's dormancy statute, 12 O.S.2011, Â§ 735. He supported this argument before the district court by referencing facts that Hub attempted the second execution of its judgment over five years after the date of the first execution and Hub never filed a notice of renewal of judgment. In response, Hub argued Barnett's payments under the bankruptcy plan extended the dormancy period and it timely pursued its execution. Hub further contended the dormancy statute did not apply to foreclosure judgments.
Â¶5 The district court ruled Hub failed to file a notice of renewal of judgment, required by 12 O.S.2011, Â§ 735, and ruled the bankruptcy did not stay the filing of the notice of renewal. The court also held Hub missed the additional thirty-day extension of time for a creditor to execute on its judgment after the dismissal of the bankruptcy per 11 U.S.C. Â§ 108(2). The district court released the judgment and vacated the execution and sheriff's sale. The court further ruled that the note and mortgage merged into the dormant judgment. Hub timely appealed. The Court of Civil Appeals affirmed the district court's judgment, holding Hub's foreclosure judgment was dormant. This Court granted certiorari.
II. STANDARD OF REVIEW
Â¶6 The issues in this appeal concern the district court's legal interpretation of Oklahoma's dormancy statute and how it applies to foreclosure judgments. Statutory construction poses a question of law; the correct standard of review is de novo. State ex rel. Protective Health Servs. State Dep't of Health v. Vaughn, 2009 OK 61, Â¶ 9, 222 P.3d 1058, 1064. Under the de novo standard of review, the Court has plenary, independent, and non-deferential authority to determine whether the trial tribunal erred in its legal rulings. Id.
III. DISCUSSION
Â¶7 The two primary issues before this Court are (1) whether Hub's foreclosure judgment is dormant, and (2) whether the mortgage at issue merges with the foreclosure judgment. We address each in turn.
Â¶8 We first examine Oklahoma's dormancy statute. When the Court examines a statute, our primary goal is to determine legislative intent through the "plain and ordinary meaning" of the statutory language. In re Initiative Petition No. 397, 2014 OK 23, Â¶ 9, 326 P.3d 496, 501. Because the Legislature expresses its purpose by words, the plain meaning of a statute is deemed to express legislative authorial intent in the absence of any ambiguous or conflicting language. Id. Oklahoma's dormancy statute, 12 O.S.2011, Â§ 735, provides in pertinent part:
A. A judgment shall become unenforceable and of no effect if, within five (5) years after the date of filing of any judgment that now is or may hereafter be filed in any court of record in this state:

1. Execution is not issued by the court clerk and filed with the county clerk as provided in Section 759 of this title;
2. A notice of renewal of judgment substantially in the form prescribed by the Administrative Director of the Courts is not filed with the court clerk;
3. A garnishment summons is not issued by the court clerk; or
4. A certified copy of a notice of income assignment is not sent to a payor of the judgment debtor.
. . . . 
C. This section shall not apply to judgments against municipalities or to child support judgments by operation of law.

The provisions of Â§ 735 are to be strictly construed. Chandler-Frates & Reitz v. Kostich, 1981 OK 74, Â¶ 10, 630 P.2d 1287, 1290.
Â¶9 Oklahoma's dormancy statute applies to judgments filed in any court of record in this state. 12 O.S.2011, Â§ 735(A). Under Oklahoma law, a judgment is defined as the final determination of the rights of the parties in an action. 12 O.S.2011, Â§ 681. The judgment in a foreclosure proceeding is the order determining the amount due and ordering the sale to satisfy the mortgage lien. FDIC v. Tidwell, 1991 OK 119, Â¶ 5, 820 P.2d 1338, 1341. It is a final, appealable judgment. Id. According to the plain language of Â§ 735 and Â§ 681, foreclosure judgments fall within the definition of judgments subject to the dormancy statute. Only two exceptions to the dormancy statute are noted--judgments against municipalities and judgments for child support by operation of law. 12 O.S.2011, Â§ 735(C). Foreclosure judgments are not an included exception.
Â¶10 This Court in North v. Haning, 1950 OK 280, 229 P.2d 574, previously rejected a similar argument that the dormancy statute did not apply to a certain type of judgment. Although North involved a judgment for the foreclosure of a special assessment lien, this Court found the judgment was subject to the dormancy statute as there was no exception for such a judgment under Â§ 735. Id. Â¶ 21, 229 P.2d at 578. Later opinions from this Court recognized that the North decision stood for the proposition that the dormancy statute applies to foreclosure judgments. See State ex rel. Comm'rs of Land Office v. Landess, 1955 OK 148, Â¶ 8, 293 P.2d 574, 577; State ex rel. Comm'rs of Land Office v. Keller, 1953 OK 371, Â¶ 42, 264 P.2d 742, 750. We apply North and its progeny here and hold that a foreclosure judgment is subject to Oklahoma's dormancy statute, 12 O.S.2011, Â§ 735.
Â¶11 Pursuant to Oklahoma's dormancy statute, a judgment will become unenforceable after five years unless a creditor renews its judgment by one of the following: (1) execution, (2) notice of renewal, (3) garnishment, or (4) income assignment. 12 O.S.2011, Â§ 735(A). Hub failed to take any action regarding its foreclosure judgment within five years after the district court filed Hub's judgment. Nothing prevented Hub from renewing its judgment during the bankruptcy proceeding. See 3M Dozer Serv., Inc. v. Baker, 2006 OK 28, Â¶ 13, 136 P.3d 1047, 1051. Hub also failed to file a renewal or execute on its judgment in the additional thirty days allowed after the dismissal of the bankruptcy. 11 U.S.C. Â§ 108(c); see also 3M Dozer Serv., 2006 OK 28, Â¶ 14, 136 P.3d at 1051. As a result, Hub's foreclosure judgment is dormant.
Â¶12 Hub contends Barnett's payments under the bankruptcy plan prevented the dormancy period from running. This Court previously rejected a similar argument in Chandler-Frates & Reitz, 1981 OK 74, Â¶ 7, 630 P.2d at 1290, holding, "[i]n the absence of a statute to the contrary a partial payment will not prevent the running of a dormancy statute."[1] The Court explained:
There was no judgment lien at common law. In granting a right which did not exist at common law, the legislature can prescribe certain conditions which must be met by all judgment creditors if dormancy is to be prevented and the lien of a judgment to be continued. There is no limitation other than that of a dormancy statute upon the effective duration of a judgment.
Id. Â¶ 8, 630 P.2d at 1290; see also First of Denver Mortg. Investors v. Riggs, 1984 OK 36, Â¶ 29, 692 P.2d 1358, 1363 (finding that a partial payment does not prevent the running of the dormancy statute), overruled on other grounds by Drllevich Constr., Inc. v. Stock, 1998 OK 39, 958 P.2d 1277. The Legislature's restriction on judgments is Â§ 735--which does not carve out an exception for partial payments on judgments. We conclude Hub's payments under the bankruptcy plan did not prevent the dormancy period from running.
Â¶13 Hub alternatively argues that Barnett's bankruptcy plan payments satisfied the income assignment option under the dormancy statute, 12 O.S.2011, Â§ 735(A)(4). We reject this argument as well. An "income assignment" and "notice of income assignment" are defined in 12 O.S.2011, Â§Â§ 1170(9) and (11).[2] Section 1170's definitions relating to income assignments were promulgated prior to the Legislature's amendment to Â§ 735 in 2000, which added the option of sending a notice of income of assignment. Based on the definitions outlined in Â§Â§ 1170(9) and (11), Hub's bankruptcy plan was not an income assignment contemplated by Â§ 735(A)(4).
Â¶14 Although Hub's foreclosure judgment is dormant, that determination does not complete our analysis. The district court ruled Hub's mortgage lien merged into the foreclosure judgment. A mortgage gives the creditor a security interest in the debtor's real property. Mortgage, Black's Law Dictionary (11th ed. 2019), available at Westlaw. Foreclosure is the legal proceeding to terminate a debtor's interest in that property, instituted by the creditor. Foreclosure, Black's Law Dictionary (11th ed. 2019), available at Westlaw. Under Oklahoma law, foreclosure of a mortgage is a multi-step process. 12 O.S.2011, Â§ 686. The foreclosure judgment determines only that there is a valid mortgage lien, which the creditor is entitled to enforce through a sale. FDIC, 1991 OK 119, Â¶ 5, 820 P.2d at 1341. However, the mortgage lien itself is extinguished only by a sale. 42 O.S.2011, Â§ 22 ("The sale of any property on which there is a lien, in satisfaction of the claim secured thereby . . . extinguishes the lien thereon.") Until such sale, the mortgage as a property right created by contract remains unaffected. Anderson v. Barr, 1936 OK 471, Â¶ 25, 62 P.2d 1242, 1247. Due to the nature of a mortgage lien, this Court previously held in Anderson, Id., and Methvin v. Am. Sav. & Loan Ass'n of Anadarko, 1944 OK 177, Â¶ 44, 151 P.2d 370, 376, that a mortgage lien does not merge into a foreclosure judgment, nor is it extinguished by a foreclosure judgment.[3] See also Bank of the Panhandle v. Irving Hill, 1998 OK CIV APP 140, Â¶ 12, 965 P.2d 413, 417 (relying on Anderson and Methvin, the court ruled a mortgage does not merge with a decree of foreclosure). We follow Anderson and Methvin and hold the mortgage lien did not merge into Hub's foreclosure judgment.
IV. CONCLUSION
Â¶15 The dormancy statute extinguished Hub's foreclosure judgment. However, the foreclosure judgment did not extinguish the mortgage lien. The lien can only be extinguished by a sale and application of the proceeds to the judgment, which has not yet occurred. 42 O.S.2011, Â§ 22. We hold that the dormancy statute does not operate to invalidate the mortgage, which continues to secure the obligation owed by Barnett to Hub; the district court erred in finding that the mortgage merged into the dormant judgment. Hub may prosecute a new action for a judgment based upon the mortgage lien. Cf. State ex rel. Comm'rs of Land Office v. Weems, 1946 OK 28, Â¶ 12, 168 P.2d 629, 633.
Â¶16 Based upon our analysis, we affirm the district court's ruling to release the foreclosure judgment and vacate the execution and sheriff's sale as the judgment is dormant. We reverse the district court's ruling that the note and mortgage sued upon merged into the foreclosure judgment. We remand for proceedings consistent with this opinion.
COURT OF CIVIL APPEALS' OPINION VACATED;
DISTRICT COURT'S JUDGMENT AFFIRMED IN PART AND REVERSED IN PART;
REMANDED WITH INSTRUCTIONS.
CONCUR: Gurich, C.J., Darby, V.C.J., Winchester, Edmondson, Colbert, Combs, and Kane, JJ.
NOT PARTICIPATING: Kauger, J.
FOOTNOTES
[1] The Court similarly noted ancillary proceedings such as hearings on assets and garnishment proceedings do not prolong the life of a judgment in the absence of the issuance of a writ of execution to enforce the judgment within the statutory period. Chandler-Frates & Reitz, 1981 OK 74, Â¶ 8, 630 P.2d at 1290.
[2] Sections 1170(9) and (11) state as follows:
A. For the purposes of this subsection and Sections 1171.2 through 1171.4 of this title:
. . . .
9. "Income assignment" is a provision of a support order which directs the obligor to assign a portion of the monies, income, or periodic earnings due and owing to the obligor to the person entitled to the support or to another person designated by the support order or assignment for payment of support or arrearages or both. The assignment shall be in an amount which is sufficient to meet the periodic support arrearages or other maintenance payments or both imposed by the court order or administrative order. The income assignment shall be made a part of the support order;
. . . .
11. "Notice of income assignment" means the standardized form prescribed by the United States Secretary of Health and Human Services that is required to be used in all cases to notify a payor of an order to withhold for payment of child support and other maintenance payments.
[3] It should be noted that this Court in North overruled Anderson and Methvin to the extent those cases found foreclosure judgments were not subject to the dormancy statute. North, 1950 OK 280, Â¶Â¶ 24-25, 229 P.2d at 578-79. However, North did not address nor overrule the pronouncement in both Anderson and Methvin that a mortgage lien is not merged into or extinguished by a foreclosure decree or judgment.