OSCN Found Document:CHARLES SANDERS HOMES v. COOK & ASSOCIATES ENGINEERING

 

 
 

 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only

 
 
 

 
 CHARLES SANDERS HOMES v. COOK & ASSOCIATES ENGINEERING
2023 OK CIV APP 23
Case Number: 119715
Decided: 08/25/2022
Mandate Issued: 06/29/2023
DIVISION I
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION I

Cite as: 2023 OK CIV APP 23, __ P.3d __

 

CHARLES SANDERS HOMES, Inc., Plaintiff/Appellee,
v.
COOK & ASSOCIATES ENGINEERING, INC. and JUSTIN COOK, Defendants/Appellants,
and
Romaco, LLC, Occupants of the Premises, Board of County Commissioners of Tulsa County and County Treasurer of Tulsa County, Defendants.

APPEAL FROM THE DISTRICT COURT OF
TULSA COUNTY, OKLAHOMA

HONORABLE DOUGLAS E. DRUMMOND, TRIAL JUDGE

AFFIRMED

Scott R. Eudey, Melinda A. Aycock, ROSS & EUDEY, PLLC, Broken Arrow, Oklahoma, for Plaintiff/Appellee,

Lawrence D. Taylor, Tulsa, Oklahoma, or Defendants/Appellants.

ROBERT D. BELL, PRESIDING JUDGE:

¶1 The instant appeal concerns the trial court's award of attorney fees and costs to Plaintiff/Appellee, Charles Sanders Homes Inc. Plaintiff incurred the fees and costs in pursuing a deficiency order against Defendants/Appellants, Cook & Associates Engineering, Inc. and Justin Cook, in the underlying foreclosure proceeding. The deficiency order was entered in 2021 after remand from Appellate Case No. 115,458 (mandated June 17, 2020). In Case No. 115,458, Division II of the Court of Civil Appeals reversed the trial court's order denying Defendants' motion to vacate two deficiency orders entered against them. The appellate court vacated the 2012 and 2013 deficiency orders and remanded the deficiency issue to the trial court to conduct a hearing for the purpose of determining the fair market value of the foreclosed property pursuant to 12 O.S. 2011 §686 before determining whether any deficiency is owed. On remand, the trial court conducted a hearing, measured a new deficiency amount, and entered a new deficiency order. The trial court also determined Plaintiff was entitled to an award of attorney fees and costs incurred in pursuing the deficiency order. The court reserved its decision concerning the reasonable amount of fees and costs for a later date. After a subsequent hearing, the trial court determined the reasonable amount of Plaintiff's attorney fees were $11,611.60 and costs were $4,009.87. Defendants now appeal from this order asserting the underlying 2012 foreclosure judgment became dormant under 12 O.S. 2011 §735, while the appeal in Case No. 115,458 was pending; thus, the 2021 deficiency order - entered after the foreclosure judgment became dormant - and the trial court's award of attorney fees and costs thereon are nullities. Defendants also challenge the reasonableness of the attorney fees and costs award. We hold the 2021 deficiency order supplanted the vacated deficiency orders and that the dormancy period is measured from the date of the new deficiency order; thus, the 2021 deficiency order is enforceable. We hold the trial court properly determined Plaintiff is entitled to reasonable fees and costs. We further hold the trial court did not abuse its discretion when it calculated and awarded Plaintiff reasonable attorney fees and costs related to the acquisition of the 2021 deficiency order. The trial court's order is affirmed.

¶2 Plaintiff obtained a mortgage foreclosure judgment against Defendants in 2012. After sheriff's sale, the trial court measured a $93,769.78 deficiency against the corporate defendant on October 30, 2012, and the individual defendant on February 6, 2013. Defendants did not appeal from the foreclosure judgment or the deficiency orders. Four months after the entry of the second deficiency order, Defendants filed a collateral motion to vacate the deficiency orders pursuant to 12 O.S. 2011 §1031(3). Defendants claimed the trial court should vacate the deficiency orders because the trial court incorrectly subtracted from the foreclosure debt the minimum bid of 2/3 of the sheriff's appraisal instead of the fair market value of the property. The trial court denied the motion and Defendants appealed in Case No. 115,458.

¶3 While the vacation proceeding was pending in the appellate court, the 2012 foreclosure judgment became dormant pursuant to the five (5) year dormancy statute at 12 O.S. 2011 §735.

¶4 In Case No. 115,458, Division II reversed the trial court's order denying Defendants' motion to vacate the deficiency orders and remanded the matter to the trial court to conduct a hearing for the purpose of determining the fair market value of the foreclosed property pursuant to 12 O.S. 2011 §686 before determining whether any deficiency is owed. The opinion was filed May 14, 2020, and mandated June 17, 2020.

¶5 After mandate, the trial court held a hearing and measured a deficiency of $23,769.78 against Defendants. The trial court also addressed Plaintiff's pending motion for an award of attorney fees and costs and held Plaintiff was entitled to reasonable attorney fees and costs. The court reserved the determination of the reasonableness of such fees for a later date. The journal entry of the deficiency order was filed March 1, 2021. Defendants did not appeal from that order.

¶6 On March 30, 2021, Plaintiff filed an application to determine the reasonable amount of such attorney fees and costs. Defendants objected to Plaintiff's motion arguing the foreclosure judgment and the deficiency orders are all dormant and therefore Plaintiff's motion for attorney fees and costs is moot. The trial court rejected Defendants' mootness defense. After taking testimony, the trial court sustained the application in part and denied it in part. The court stated there is a statutory basis for the attorney fees at 12 O.S. 2011 §686 and 42 O.S. 2011 §176. The court determined Plaintiff's reasonable attorney fees were $11,611.60 and costs were $4,009.87. The order awarding such fees and costs was filed June 14, 2021. Defendants now appeal from this order.

¶7 For their first assignment of error, Defendants argue the 2012 foreclosure judgment - the one and only judgment in the case - became dormant while the appeal in Case No. 115,458 was pending; therefore, the subsequent 2021 deficiency order (entered upon remand) is a nullity as is the trial court's award of attorney fees and costs. The issue as to whether the 2021 deficiency order is enforceable is a question of law that we review de novo. First United Bank and Trust Co. v. Wiley, 2008 OK CIV APP 39¶12, 183 P.3d 1022. Oklahoma's 5-year dormancy statute at 12 O.S. 2011 §735 is applicable to foreclosure judgments. Hub Partners Xxvi, LTD v. Barnett, 2019 OK 69, ¶9, 453 P.3d 489. In a mortgage foreclosure, the granting of the deficiency judgment constitutes a new judgment for purposes of the dormancy statute; therefore, the five-year dormancy period is measured from the deficiency order and not the foreclosure judgment. Baker v. Martin 1975 OK 112, ¶¶25-26, 38 P.2d 1048.

¶8 There is no dispute that Plaintiff did not renew the 2012 mortgage foreclosure judgment or the 2012 and 2013 deficiency orders (now vacated) by any of the prescribed methods set forth at §735. Because Plaintiff did not renew the mortgage foreclosure judgment, Defendants argue the deficiency order entered in 2021, after the foreclosure judgment became dormant and unenforceable, is a nullity. Defendants base this argument on case law that holds there is only one judgment in a foreclosure action. We acknowledge there is only one "judgment" in a foreclosure action, i.e. the order determining the amount due and ordering the sale to satisfy the mortgage lien. Bank of Oklahoma, N.A. v. Red Arrow Marina, 2009 OK 77, ¶8 n.10, 224 P.3d 685. However, this precept does not preclude a court from making a separate post-foreclosure judicial determination of a deficiency amount in a deficiency order. See 12 O.S. 2011 §686. If a lender does not seek a deficiency order, then the lender is confined to the sale of the mortgaged property for the satisfaction of the mortgage obligation. Willis v. Nowata Land and Cattle Co., Inc., 1989 OK 169, ¶8 n.11, 789 P.2d 1282. "[A] [d]eficiency judgment is a postjudgment prerequisite for the issuance of a general execution to enforce the unpaid balance due on the mortgage." Id. (citations omitted).

¶9 In the instant case, Plaintiff timely sought and obtained deficiency orders against Defendants pursuant to 12 O.S. 2011 §686. These deficiency orders entered in 2012 and 2013 were final appealable orders made in a special proceeding after judgment. 12 O.S. 2011 §952(b)(1). As such, the orders were also subject to vacation under 12 O.S. 2011 §1031(3). Under the facts of this case, Defendants triggered the statutory process to vacate these deficiency orders. When the appellate court vacated the deficiency orders and remanded the matter, the vacated deficiency orders no longer had any force or effect and the case was opened up for further proceedings. On remand, the trial court supplanted the vacated 2012 and 2013 deficiency orders with the 2021 deficiency order. Therefore, even though it took eight (8) years to finally establish the deficiency amount, the current 2021 deficiency order stands as the post-foreclosure judicial determination of the deficiency amount. Under the facts of this case, we hold the 2021 deficiency order is valid and enforceable regardless of the foreclosure judgment's dormancy status.

¶10 For their second assignment of error, Defendants contend the trial court erroneously determined Plaintiff was legally entitled to an award of attorney fees and costs as the prevailing party because Plaintiff failed to provide any authority establishing its entitlement to such attorney fees and costs. Plaintiff counters Defendants are barred from raising this argument on appeal because Defendants did not timely appeal from the trial court's entitlement ruling in the 2021 deficiency order.

¶11 The trial court's deficiency order, filed March 1, 2021, determined Plaintiff was entitled to reasonable attorney fees and costs, but reserved the determination of the amount of such fees and costs to a later hearing. The trial court's order determining only a party's entitlement to fees and costs is not a final order. "Because the trial court did not set an amount for attorney's fees . . . , that portion of the judgment is an interlocutory ruling." Berry and Berry Acquisitions, LLC v. BFN Properties LLC, 2018 OK 27, ¶36, 416 P.3d 1061. We therefore reject Plaintiff's assertion that Defendants are barred from making this argument on appeal.

¶12 Defendants assert Plaintiff failed to carry its burden of showing entitlement to such fees and costs. Generally, a trial court is not authorized to award attorney fees unless there is statutory (or contractual) basis for such award. Federal Nat'l Bank and Trust Co. of Shawnee v. Ryan, 1978 OK CIV APP 51, ¶6, 588 P.2d 592. Here, the trial court awarded fees and costs to Plaintiff as the prevailing party pursuant to 42 O.S. 2011 §176 and 12 O.S. 2011 §686. Section 686 specifically allows for a personal judgment in a mortgage action (a deficiency order), which shall also include "costs, attorney's fees and expenses which may accrue in the action." Section 686 is broad enough to be applied to the prevailing party. Ryan, 1978 OK CIV APP 51at ¶8. Additionally, 12 O.S. 2011 §936 provides for prevailing party fees for any civil action to recover on a note. "Given the existence of 42 O.S. 2011 §176 and 12 O.S. 2011 §936, §686 must have some purpose beyond repeating the fee entitlements of these two statutes - its scope must go beyond fees for the enforcement of notes or liens, and encompass other aspects of foreclosure." Bank of America, N.A. v. Unknown Successors of Lewis, 2014 OK CIV APP 78, ¶41, 336 P.3d 1034. Based on the foregoing, we hold the trial court did not hold contrary to law when it determined Plaintiff was entitled to fees and costs.

¶13 For their final assignment of error, Defendants contend the attorney fees and costs awarded by the trial court are not reasonable. This Court reviews the reasonableness of an award of attorney fees and costs for abuse of discretion. Parsons v. Volkswagen of Am., Inc., 2014 OK 111, ¶9, 341 P.3d 662. According to the record, Plaintiff did not submit every fee and cost incurred post judgment and the trial court did not award Plaintiff all of Plaintiff's requested fees and costs.

¶14 Plaintiff submitted fees and costs incurred in obtaining the deficiency order, defending the deficiency order, collecting on the deficiency order, and preparing and attending a new hearing on the deficiency order after remand. The record shows the trial court weighed the factors in Burk v. City of Okla. City, 1979 OK 115, 598 P.2d 659, and determined the reasonable amount of attorney fees that should be awarded in this proceeding. Plaintiff also incurred appraisal fees and expert witness fees in its quest to calculate and provide evidence of the fair market value of property nine (9) years prior to the hearing date. Under the unique circumstances of this prolonged proceeding, we cannot find the trial court's award of such fees and costs was unreasonable.

¶15 In conclusion, this Court finds the trial court did not hold contrary to law when it determined Plaintiff is entitled to attorney fees and costs. We further hold the trial court did not abuse its discretion when it determined the reasonable amount of Plaintiff's fees and costs. The trial court's order is affirmed.

¶16 AFFIRMED.

GOREE, J., and DOWNING, J., concur.

 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Civil Appeals Cases

 
Cite
Name
Level

 
2008 OK CIV APP 39, 183 P.3d 1022, 
FIRST UNITED BANK AND TRUST CO. v. WILEY
Discussed

 
2014 OK CIV APP 78, 336 P.3d 1034, 
BANK OF AMERICA, N.A. v. UNKNOWN SUCCESSORS OF SARAH JANE LEWIS
Discussed

 
1978 OK CIV APP 51, 588 P.2d 592, 
FED. NAT. BANK & TRUST CO. OF SHAWNEE v. RYAN
Discussed at Length

Oklahoma Supreme Court Cases

 
Cite
Name
Level

 
1989 OK 169, 789 P.2d 1282, 60 OBJ 2827, 
Willis v. Nowata Land and Cattle Co., Inc.
Discussed

 
2009 OK 77, 224 P.3d 685, 
BANK OF OKLAHOMA v. RED ARROW MARINA SALES & SERVICE
Discussed

 
1975 OK 112, 538 P.2d 1048, 
BAKER v. MARTIN
Cited

 
2014 OK 111, 341 P.3d 662, 
HESS v. VOLKSWAGEN OF AMERICA, INC.
Discussed

 
1979 OK 115, 598 P.2d 659, 
STATE EX REL. BURK v. CITY OF OKLAHOMA CITY
Discussed

 
2018 OK 27, 416 P.3d 1061, 
BERRY AND BERRY ACQUISITIONS v. BFN PROPERTIES
Discussed

 
2019 OK 69, 453 P.3d 489, 
HUB PARTNERS XXVI, LTD. v. BARNETT
Discussed

Title 12. Civil Procedure

 
Cite
Name
Level

 
12 O.S. 686, 
Mortgage Foreclosure - Deficiency Judgments
Discussed at Length

 
12 O.S. 735, 
Must Be Issued within Five Years or Judgment Becomes Dormant - Inapplicable to Municipalities
Discussed at Length

 
12 O.S. 936, 
Action on Open Account - Attorney's Fee as Costs
Cited

 
12 O.S. 952, 
Jurisdiction of Supreme Court
Cited

 
12 O.S. 1031, 
District Court, Power to Vacate or Modify its Judgments, When
Discussed

Title 42. Liens

 
Cite
Name
Level

 
42 O.S. 176, 
Right to Recover Attorney's Fees
Discussed at Length

 
 

 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA