OSCN Found Document:U.S. BANK v. WEBB et al.

 

 
 

 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 U.S. BANK v. WEBB et al.
2025 OK CIV APP 28
Case Number: 121830
Decided: 01/31/2025
Mandate Issued: 07/17/2025
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION III
Cite as: 2025 OK CIV APP 28, __ P.3d __

 

U.S. BANK, NATIONAL ASSOCIATION AS TRUSTEE FOR CRMSI REMJ C SERIES 2006-03 REMIC PASS-THROUGH CERTIFICATES, SERIES 2006-03, Plaintiff/Appellee
vs.
GAREY WEBB, Defendant/Appellant,
and
MIKLA L. ENNIS A/K/A MIKLA LYNN ENNIS; NOLA M. DUNCAN A/K/A NOLA MAE DUNCAN; OCCUPANTS OF PREMISES; NOLA MAE DUNCAN REVOCABLE LIVING TRUST DATED THE 5TH DAY OF SEPT., 2006; OAKLANE HOMEOWNERS' ASSOCIATION, INC., Defendants.

APPEAL FROM THE DISTRICT COURT OF
WAGONER COUNTY, OKLAHOMA

HONORABLE TIMOTHY KING, JUDGE

AFFIRMED

Melanie Wilson Rughani, CROWE & DUNLEVY, Oklahoma City, Oklahoma, -and- Lysbeth L. George, LIZ GEORGE AND ASSOCIATES, Oklahoma City, Oklahoma, For Plaintiff/Appellee,

Janet D. Roloff, LEGAL AID SERVICES OF OKLAHOMA, INC., McAlester, Oklahoma, For Defendant/Appellant.

E. Bay Mitchell, III, Judge:

¶1 Defendant/Appellant Garey Webb (Webb) appeals from the trial court's September 20, 2023 order confirming the sale of real property by the Wagoner County Sheriff on May 1, 2018. He also appeals from the trial court's order denying his motion to reconsider and vacate the order confirming the sale. Webb argued the confirmation was erroneous because the foreclosure judgment underlying the sheriff's sale had gone dormant pursuant to 12 O.S. §735

¶2 In September 2006, Defendants Mikla Ennis and Nola Duncan (Borrowers) purchased residential property in Broken Arrow, Oklahoma. Borrowers executed a promissory note in favor of Citicorp Trust to finance the property. In 2008, Borrowers called the number on a roadside advertisement offering assistance with mortgage payments. They reached Webb, who advised that he would be able to "help with the house." On May 21, 2008, Borrowers signed a quitclaim deed conveying the property to Webb. Borrowers moved out of the home in 2009, and Webb moved in sometime thereafter. Webb, however, never officially assumed the promissory note and associated monthly mortgage, and Borrowers defaulted on the note.

¶3 CitiMortgage, successor by merger with CitiFinancial Mortgage Company, brought an action against Borrowers and any occupants of the property on September 18, 2008 seeking to foreclose the mortgage (Wagoner County Case No. CJ-2008-1165). Judgment was granted by default. On appeal, another division of this Court reversed, finding that CitiMortgage failed to present proof that it was the holder of the note when it filed the foreclosure petition. See CitiMortgage, Inc. v. Ennis, case no. 109,821 (decided December 14, 2012). This first foreclosure action was ultimately dismissed without prejudice in 2014.

¶4 Plaintiff/Appellee U.S. Bank National Association, as Trustee for CRMSI REMIC Series 2006-03 Passthrough Certificates Series 2006-03 (U.S. Bank), filed a second foreclosure action on July 24, 2015 (Wagoner County Case No. CJ-2015-250) ("the Foreclosure Suit"). Webb answered and, challenging the documents transferring the note from the prior holder, alleged U.S. Bank did not have standing. The trial court disagreed and granted U.S. Bank's motion for summary judgment on January 29, 2018. Webb's motion to vacate the judgment was denied. He did not initiate an appeal. A special execution and order of sale was filed on March 6, 2018. A sale was conducted and the property was sold to the highest bidder on May 1, 2018. U.S. Bank filed a motion to confirm the sale on the same day.

¶5 However, because of Webb's subsequent actions, the confirmation hearing did not immediately take place. First, Webb filed a new lawsuit (Wagoner County Case No. 2018-156) ("Webb's Suit") in which he sought to vacate and set aside the January 29, 2018 foreclosure judgment, as well as sanctions for fraud on the court, malicious use of process, fraud, deceit, and intentional infliction of emotional distress. In the Foreclosure Suit, Webb filed an emergency motion to strike the notice of hearing on U.S. Bank's motion to confirm the sheriff's sale, a motion to stay the confirmation of the sale, and an objection to the sale. Finally, Webb filed a suggestion of bankruptcy in both lawsuits. The hearing on the motion to confirm the sheriff's sale in the Foreclosure Suit was, accordingly, stricken, and U.S. Bank placed all actions in the case on hold.

¶6 Webb's Suit continued for several years until March 15, 2021, when the trial court entered a journal entry of judgment denying all of Webb's claims and requests for relief. Webb filed an appeal on April 15, 2021. Division III of this Court affirmed. See Webb v. U.S. Bank National Association, case no. 119,508 (decided August 12, 2022). This Court and the Oklahoma Supreme Court refused to consider Webb's untimely petitions for rehearing and for certiorari, and the United States Supreme Court denied Webb's petition for a writ of certiorari on January 9, 2023.

¶7 U.S. Bank filed an alias motion to confirm the sheriff's sale in the Foreclosure Action on August 10, 2023. Webb objected, arguing that the foreclosure judgment was dormant under 12 O.S. §735

¶8 We review the court's ruling on a motion to confirm a sheriff's sale for abuse of discretion. Bank One, Oklahoma, N.A. v. Tanner, 2001 OK CIV APP 5723 P.3d 977Stewart v. Oklahoma Tax Comm'n, 1946 OK 132168 P.2d 125Id. What constitutes "abuse of discretion" in a particular matter depends upon the circumstances and the law surrounding each case. Id. at ¶15, 168 P.2d at 129. Absent some pure error of law, we will not disturb a trial court's ruling on a motion to reconsider or vacate unless it is arbitrary, clearly against the evidence, or manifestly unreasonable, and thus an abuse of discretion. Robinson v. Oklahoma Nephrology Assocs., Inc., 2007 OK 2154 P.3d 1250.

¶9 For several reasons, we affirm the trial court. First, as noted by U.S. Bank, this matter is moot because the property has been sold and the sale confirmed; the new deed has been transferred and filed; and Webb has been evicted and no longer occupies the property. The trial court denied Webb's requests to stay enforcement of the confirmation order and to waive the requirement that he post a supersedeas bond pending appeal. Webb did not, however, seek a writ of prohibition from the Supreme Court. This Court has consistently held that if a person does not take advantage of the procedures available for preserving the status quo and the conduct which is sought to be prevented is thus permitted to take place, we cannot provide any relief. See Westinghouse Elec. Corp. v. Grand River Dam Authority, 1986 OK 20720 P.2d 713Edwards v. Hanna Lumber Co., 1966 OK 20415 P.2d 980Westinghouse Elec. Corp, ¶17, 720 P.2d at 718.

¶10 If the appeal is not moot, our review is confined to determining the regularity of the sheriff's sale. "Only questions relating or pertaining to the sheriff's sale may be considered on hearing on confirmation of sale." Fernow v. Gubser, 1945 OK 265162 P.2d 535Id., ¶5, 162 P.2d at 537. Because Webb raised no objections to the May 1, 2018 sheriff's sale below and does not challenge the sheriff's sale on appeal, we cannot say the court abused its discretion by confirming the sale.

¶11 Webb has also not convinced us that the court abused its discretion by failing to find the judgment was dormant. Section 735 requires enforcement (or active attempts at enforcement) of a judgment within five years. See 12 O.S. 2021 §735see also Wishon v. Sanders, 2020 OK CIV APP 29467 P.3d 721 Paschal Inv. Co. v. Atwater, 1935 OK 86950 P.2d 357see also Okla. Salvage & Supply Co., 1926 OK 595251 P. 1006See Hub Partners XXVI, Ltd. v. Barnett, 2019 OK 69453 P.3d 489see also §735(B).

¶12 The Supreme Court has recognized that a district court may deny confirmation where real property was sold at a sheriff's sale pursuant to execution issued on a dormant judgment. See, e.g., Hub Partners, 2019 OK 69Skinner v. First National Bank of Davis, 1928 OK 671273 P. 893See Hub Partners, ¶16, 453 P.3d at 494; Skinner, ¶¶ 2 & 5, 273 P. at 894. This case is distinguishable because the sale was conducted pursuant to a timely writ of special execution U.S. Bank caused to be issued before there was any question about the judgment's dormancy. The judgment here was not dormant and the sheriff's sale was timely.

¶13 Finally, even if the judgment was dormant when U.S. Bank filed its alias motion to confirm in 2023, we find there was no abuse of discretion in the court's decision to confirm the sale. Oklahoma law does not provide a time within which a sheriff's sale must be confirmed, and one legal treatise notes that, "Ordinarily, mere lapse of time will not prevent confirmation of a judicial sale." See 50A C.J.S. Judicial Sales §50 (December 2024). "Unlike a judgment on which execution is not issued, a decree of sale does not become dormant, and confirmation may be had after a long lapse of time[.]" Id. 

¶14 The sheriff's sale in this case was conducted as a result of the special execution U.S. Bank caused to be issued within the statutorily-prescribed time. The delay in confirming the sale resulted from Webb's own choice to pursue other legal relief. Webb has not shown the court abused its discretion by confirming the sale, and he has not shown the court abused its discretion by denying his motion to reconsider. Accordingly, we affirm.

¶15 AFFIRMED.

BELL, C.J., and DOWNING, P.J., concur.

 
 
 
 
 
 
 
 
 
 The Oklahoma Supreme Court
 2100 N. Lincoln Blvd., Suite 1
 Oklahoma City, OK 73105